# Richmond

ROY J. GORDON AND FLORINE H. GORDON v. WILLIAM F. HOY AND ANNA LEE HOY.

January 18, 1971.

Record No. 7184.

Present, Snead, C.J., I'Anson, Carrico, Gordon, Harrison and Harman, JJ.

*Charles P. Ajemian; Felix E. Edmunds (Tiffany & Poland; Edmunds, Freed & Cooley, on brief), for appellants.*

*Richard F. McPherson (Thomas H. Wood; Nelson, McPherson, Summers & Wood, on brief), for appellees.*

HARMAN, J., delivered the opinion of the court.

The issue before us here is whether an easement or right of way granted "as an inlet and outlet" gives the owner of the dominant estate a right to install underground water and gas lines to serve the dominant estate within the easement over the servient estate.

By deed dated April 18, 1892, Edmond Courtney and Annie Courtney, his wife, conveyed a lot of approximately 9000 square feet

in Augusta County[1] to James Jones and Alice B. Jones, his wife. The lot conveyed was the "rear or northern portion" of a one acre lot fronting on Waynesboro Road which was conveyed to Edmond Courtney in 1884.

This deed also provided that "the right to the 12 foot alley running the entire length of said lot commencing on the Waynesboro Road is also hereby conveyed as an inlet and outlet to said lot hereby conveyed."

Plaintiffs, Roy J. Gordon and Florine Gordon, are successors in title to the Jones lot and defendants, William F. Hoy and Anna Lee Hoy, are successors in title to that portion of the Courtney lot which remained after the conveyance to Jones.

In 1965 plaintiffs began erecting a new dwelling house on their lot. Workmen employed by plaintiffs to install underground water and gas lines in the alley to serve this dwelling were prevented from doing so by defendants.

A suit was instituted in the trial court by plaintiffs to enjoin the defendants from interfering with use of the alley by plaintiffs. The prayer of the bill, among other things, requested that the defendants "be enjoined from any further interference with the laying of said utility lines."

Plaintiffs, in their bill, claimed fee simple title to the 12 foot alley. The trial court held the fee to be vested in defendants with a perpetual easement for ingress and egress vested in plaintiffs from the Jones lot to Waynesboro Road (now U.S. Route 250). In its final decree the trial court found that plaintiffs did not have the right to install utility lines along or under the 12 foot alley and enjoined both the plaintiffs from interfering with the rights of the others in the alley.

Plaintiffs did not challenge the correctness of the court's ruling as to ownership of the fee upon appeal. At oral argument they conceded that the fee was vested in defendants.

Plaintiffs argue, however, that the trial court erred in its ruling that the words "inlet and outlet," as used in the grant, were synonymous with the words "ingress and egress." We agree with the able trial judge and hold that the use of the words "inlet and outlet" in the grant was equivalent to the use of the words "ingress and egress."

Plaintiffs further argue that the trial court erred in its ruling as to the extent of their rights under the grant, particularly that it erred in holding plaintiffs had no right to make an underground installation of water and gas lines in the alley.

---

[1] The area where this lot is located has since been annexed by the City of Staunton.

■ Where the easement or right of way has been granted by deed, the ordinary rule which governs in the construction of other writings prevails, namely, that the rights of the parties must be ascertained from the words of the deed, and the extent of the easement cannot be determined from any other source. But where, as here, the language is ambiguous, the court in order to ascertain the intention of the parties looks to the language employed in the light of the circumstances surrounding the parties and the land at the time the deed was executed. *Cushman Va. Corp.* v. *Barnes,* 204 Va. 245, 251, 129 S.E.2d 633, 639 (1963); *Stephen Putney Co.* v. *R. F. & P. R. Co.,* 116 Va. 211, 217, 81 S.E. 93, 96 (1914).

■ As we said in *Cushman:* "When a right of way is granted over land, the servient estate, for the benefit of other land, the dominant estate, and the instrument creating the easement does not limit the use to be made thereof, it may be used for any purpose to which the dominant estate may then, or in the future, reasonably be devoted. This rule is subject to the qualification that no use may be made of the right of way, different from that established at the time of its creation, which imposes an additional burden upon the servient estate. (Citations omitted)" 204 Va. at p. 253, 129 S.E.2d at pp. 639-40.

The evidence shows that the use established under the easement granted in 1892 was a right of way for persons, animals and vehicles between the Jones lot and Waynesboro Road and that such use continued up to the time that the controversy arose. To allow the installation of underground pipes for water and gas as the plaintiffs now propose would be to impose an additional burden on the servient estate.

*Affirmed.*