Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan,
Koontz, JJ., and Poff, Senior Justice

ADAMS OUTDOOR ADVERTISING
LIMITED PARTNERSHIP

v.  Record No. 960944      OPINION BY JUSTICE ELIZABETH B. LACY
                                        February 28, 1997
ROBERT E. LONG

              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Walter J. Ford, Judge


     This case involves competing claims to ownership of a

billboard located in the City of Hampton on land owned by

Robert E. Long and leased to Adams Outdoor Advertising Limited

Partnership (Adams).  On October 6, 1993, Long notified Adams

that he was terminating the lease.  Adams accepted the

cancellation, effective November 5, 1993, and told Long that it

would have electrical service disconnected and would schedule

the demolition of the billboard for the first week of November.

 Long wanted to use the billboard to advertise his own business

and filed this action to enjoin Adams from demolishing or

removing the billboard.  Long's request for relief was based on

his claim that the billboard was affixed to and part of the

land and, therefore, he, as landowner, owned the billboard.

Adams filed a separate bill of complaint asserting that the

leases entered into over the years provided that the lessees

owned the billboard.  Both Adams and Long sought, and received,

temporary injunctions and executed injunction bonds.  Adams was

enjoined from removing or destroying the billboard, although it

was permitted to place public service announcements on it.

Long was enjoined from using or altering the billboard.

The cases were consolidated for trial and referred to a commissioner in chancery. Following an _ore_ _tenus_ hearing, the commissioner concluded that Long owned the billboard. The trial court overruled Adams' exceptions to the commissioner's report, affirmed the holding of the commissioner, and continued the case for a hearing to determine damages. By final order entered February 14, 1996, the trial court awarded Long $7,190 in damages. Adams appeals, asserting that the trial court erred in its determination of both ownership of the billboard and damages.

The billboard at issue is a structure permanently affixed to the land. Whether such a structure remains personalty, owned by the person who erected the structure, or becomes part of the realty, and thus owned by the landowner, is determined either by an agreement establishing the nature and ownership of the structure or, in the absence of agreement, by applying the three-part test enunciated by this Court in _Danville Holding Corp. v. Clement_, 178 Va. 223, 232, 16 S.E.2d 345, 349 (1941). The record in this case establishes that the lease agreements between successive landlords and tenants addressed the issue of ownership rights in the billboard.

The billboard was erected more than 65 years ago by Consolvo & Cheshire, an advertising agency. At that time, Consolvo & Cheshire negotiated a lease which provided that "[a]ll boards and material placed on the premises" by the lessee were the property of the lessee and that the lessee could "remove their boards" from the premises on the

termination of the lease.  Similar language regarding ownership was contained in leases executed between Consolvo & Cheshire and successive landowners in 1938 and 1945.  Subsequent leases executed in 1949, 1957, 1968, and 1977 between successor landowners and different lessees, stated that "signs, structures and equipment" erected by the lessee were the property of the lessee and could be removed by the lessee.

Adams claims to be the owner under the terms of the 1977 lease or, alternatively, under the <u>Danville</u> test, because all the leases show an intent that the lessee retain ownership of the billboard.  We agree that each lease does address the ownership of the billboard, but places ownership in the lessee <u>who erected the billboard</u>.  Consolvo & Cheshire erected the billboard in this case, and, therefore, Adams does not qualify as the owner of the billboard under the terms of any of the leases.  Because the lease agreements clearly address ownership of the billboard, application of the test enunciated in <u>Danville</u> is unnecessary, and the trial court correctly rejected Adams' ownership claim.[1]

The trial court also correctly held that Long was the owner of the billboard.  When tenants retain ownership of structures they erect on property and are allowed to remove the structures, the removal generally must occur within a

_____

[1]Adams does not dispute the commissioner's finding that although there was a series of billboard leases containing similar language, Consolvo & Cheshire's lease was not assigned.  Therefore, Adams did not acquire an ownership interest through assumption of a previous lessee's interest in the leasehold.

reasonable period after the end of the tenancy.  If the structure is not removed, it becomes the property of the landlord because it is affixed to the land.  1 Raleigh C. Minor, The Law of Real Property § 37 (Frederick D.G. Ribble ed., 1928).  This rule is based on a presumption of abandonment and protects subsequent parties from interruption by a tenant who returns to remove the fixtures.  8 Richard R. Powell, Powell on Real Property ¶ 653, at 57-52 (Patrick J. Rohan ed., 1996).  The entry of a former tenant on the land to remove the structure would itself constitute a trespass.  2 Thompson on Real Property § 13.05(c), at 326, Thomas Edition (David A. Thomas ed., 1994).

In this case, the tenant that constructed the billboard, Consolvo & Cheshire, did not remove it at the conclusion of its tenancy or within a reasonable time thereafter.  Consequently, the billboard, which was permanently affixed to the land, became part of the realty and the property of the landowner.  When Long acquired the land, he acquired the billboard as part of the land purchased.  Therefore, we will affirm that part of the trial court's judgment holding that Long owned the billboard.

We next turn to the issue of the damages awarded by the trial court.  Long sought $16,475 which he asserted was the fair market value of the billboard for the period during which he was enjoined from using it.  Long based this figure on income received by Adams from the billboard in 1992 and 1993.[2]

_____

[2]Long calculated an average daily gross income of $20.517,

The trial court deducted certain expenses from Long's gross revenue figure and awarded Long $7,190 in damages. We agree with Adams that there is error in this award of damages.

The record does not show the basis for Long's theory that his measure of damages is the fair market value of the billboard. And we could find no case applying that measure of damages in circumstances similar or analogous to the circumstances in this case. We conclude, however, that the proper measure of damages in this case is any damage suffered by Long which was naturally and proximately caused by the injunction. This is the standard used when determining damages in an action on an injunction bond. Carr v. Citizen Bank & Trust Co., 228 Va. 644, 651, 325 S.E.2d 86, 89 (1985). Here, although Long did not file a separate action to recover on Adams' injunction bond, he made an oral motion for damages when the trial court ruled in his favor on the issue of ownership.[3] In both instances, the successful party seeks to recover damages for an adverse impact suffered by virtue of the terms of an injunction. Thus, the rationale for an award of damages is the same in both instances.

Applying the proper measure of damages to the evidence

---

and multiplied that figure by the number of days between the date of the injunction, November 3, 1993, and the date of the hearing on damages, January 16, 1996. Although the injunction allowed Adams to display public service advertisements during the injunction period, Adams did not receive any revenue from the placement of these advertisements.

[3]Adams did not object to Long's motion for damages, only to the method used by the court to determine damages.

presented in this case, we conclude that Long is not entitled to any damages.  The injunction prevented Long from using or altering the billboard and allowed Adams to place public service advertisements on it.  Long testified that he intended to use the billboard to advertise his own business, but he failed to introduce any evidence of damage he suffered because he was prevented from advertising his own business on the billboard.  The only evidence he produced related to revenue generated and received by Adams, in the course of its outdoor advertising business.  This evidence has no relevance to any damages Long may have incurred resulting from his inability to advertise his own business on the billboard.  Furthermore, Long did not claim or produce evidence that he was damaged by Adams' failure to pay rent for the use of the billboard during the injunction period.  Accordingly, we will reverse that portion of the judgment awarding damages to Long and will enter final judgment in favor of Adams on that issue.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and final judgment.</u>