PRESENT: Compton, Lacy, Hassell, Keenan, Koontz, and Kinser, JJ., and Whiting, Senior Justice

JOHN BARBOUR ORGAIN, III

v.  Record No. 970622    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        January 9, 1998
NORVELL ORGAIN BUTLER

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

In this appeal from a decree of sale entered in a partition suit, we consider whether the chancellor abused his discretion in ordering the property sold at public auction, rather than through a real estate broker as recommended by the commissioner in chancery.

John Barbour Orgain, III, and Norvell Orgain Butler are siblings who own as tenants in common a 40-acre tract of land located in Chesterfield County (the property).  Butler filed a bill of complaint seeking partition or sale of the property, and the chancellor referred the case to a commissioner in chancery.

Based on an appraisal received in evidence, the commissioner determined that the fair market value of the property is $803,000.  The commissioner also found that the property is unique in nature because it is one of the last large undeveloped parcels on Huguenot Road in Chesterfield County.  The commissioner noted that neither party had offered to purchase the other party's interest in the property.

Orgain and Butler rejected two private offers to purchase the property.  One offer was in the amount of the appraised value.  The other offer, in the amount of $1,200,000, was acceptable to Butler but was rejected by Orgain because of

certain attached conditions. After reviewing all the evidence, the commissioner filed a report recommending "that since the property . . . is unique in . . . nature, it should be publicly marketed through a reputable commercial real estate brokerage firm agreed to by the parties." Neither party filed exceptions to the commissioner's report.

The record does not show that any evidence was taken before the chancellor. After the chancellor heard argument of counsel concerning the commissioner's report, he rejected the commissioner's recommendation that the property be sold privately. The chancellor noted that the parties already had refused two private offers, and he ruled that a public auction was "the only alternative," due to the "likelihood that the parties will be unable to agree upon any price or method for conducting a private sale."

On appeal, Orgain argues that there was no evidence to support the chancellor's conclusion that the parties could not agree on the method and terms for a private sale of the property. Orgain further contends that the chancellor improperly rejected the commissioner's report, since the chancellor did not find that the report was unsupported by the evidence. Finally, Orgain asserts that the chancellor's ruling is contrary to the parties' best interests.

In response, Butler argues that the chancellor did not abuse his discretion in ordering the property sold at public auction. Butler contends that the commissioner's recommendation was merely advisory and that once the chancellor concluded that an agreement

between the parties was unlikely, "it was absolutely within the [chancellor's] discretion to order the public sale."  We disagree with Butler's arguments.

Although the report of a commissioner in chancery does not carry the weight of a jury verdict, Code § 8.01-610, the report should be sustained unless the chancellor concludes that the commissioner's findings are not supported by the evidence. Yeskolski v. Crosby, 253 Va. 148, 152, 480 S.E.2d 474, 476 (1997); Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296 (1984).  This rule applies with particular force to findings of fact that are based on evidence taken in the commissioner's presence, but does not apply to pure conclusions of law contained in the commissioner's report.  Morris v. United Virginia Bank, 237 Va. 331, 337-38, 377 S.E.2d 611, 614 (1989); Hill, 227 Va. at 577, 318 S.E.2d at 296.

Code § 8.01-610 gives the chancellor substantial discretion in the manner of reviewing the commissioner's report.  While the recommendations of the commissioner are merely advisory, Hill, 227 Va. at 579, 318 S.E.2d at 298, the statute does not allow the chancellor to ignore the commissioner's report or portions thereof.  Gulfstream Bldg. Assocs. v. Britt, 239 Va. 178, 185, 387 S.E.2d 488, 492 (1990).  The chancellor is required to consider the commissioner's factual findings.  See id.; Yeskolski, 253 Va. at 152-53, 480 S.E.2d at 476; Hill, 227 Va. at 576-77, 318 S.E.2d at 296.  When the chancellor has disapproved the commissioner's findings, we must review the evidence and determine whether, under a correct application of the law, the

evidence supports the commissioner's findings or the conclusions of the chancellor.  See Firebaugh v. Hanback, 247 Va. 519, 525, 443 S.E.2d 134, 137 (1994); Morris, 237 Va. at 338, 377 S.E.2d at 614.

In a partition suit, when partition of the subject property cannot be conveniently made, the chancellor may order a sale of the entire property if such sale will promote the interests of the parties who are entitled to the subject property or its proceeds.  Code § 8.01-83; Shannon v. Hall, 235 Va. 360, 364, 368 S.E.2d 695, 698 (1988); Sensabaugh v. Sensabaugh, 232 Va. 250, 258, 349 S.E.2d 141, 146 (1986).  A sale of property in a partition proceeding must be made in a manner that will bring the best price obtainable.  Austin v. Dobbins, 219 Va. 930, 934, 252 S.E.2d 588, 591 (1979); see Schweitzer v. Stroh, 182 Va. 842, 848, 30 S.E.2d 689, 692 (1944); Federal Land Bank v. Parks, 170 Va. 240, 242, 196 S.E. 627, 628 (1938).  Thus, in the present case, the chancellor was required to order such method of sale as would obtain the highest price for the property, unless the evidence showed that the parties' conduct or other circumstances made use of that method unachievable.

The commissioner's recommendation, that the highest price for the property could only be obtained through public marketing by a real estate broker, was based entirely on his factual finding that the property was unique in nature because of its size and location.  The record does not show that the chancellor considered this factual finding.  Moreover, the record contains no evidence to support the chancellor's conclusion that the

parties likely would be "unable to agree on any price or method for conducting a private sale."  The record shows only that the chancellor assumed that the parties would be unable to agree on the method and terms of a private sale because they had not reached an agreement on any other matter during the course of the proceedings.

The chancellor reached this conclusion despite his acknowledgement that the method of sale recommended by the commissioner would be the most advantageous to the parties. Thus, the chancellor abused his discretion because he ordered a sale at public auction in the absence of any evidence that the parties' interests would be promoted by this method of sale, or that the parties were unable to agree on terms for listing the property through a licensed real estate broker.

Since the evidence does not support the chancellor's conclusions, we will reverse the chancellor's decree, enter final judgment here confirming the commissioner's report, and remand the case to the chancellor for further proceedings.

<u>Reversed,
final judgment,
and remanded.</u>