Present:  All the Justices

PYRAMID DEVELOPMENT, L.L.C.,

v.  Record No. 002784      OPINION BY JUSTICE DONALD W. LEMONS
                                November 2, 2001

D&J ASSOCIATES

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

In this appeal, we consider whether the trial court erred in admitting parol evidence to aid in interpreting the terms of an easement, and in granting an injunction against Pyramid Development, L.L.C. ("Pyramid") to prevent it from interfering with D&J Associates' ("D&J") use of an easement over certain property ("the property") owned by Pyramid.

I. Facts and Proceedings Below

On March 30, 1984, D&J acquired title to a building located at 1719 and 1721 Summit Avenue in the City of Richmond.  The building's public entrances are located on Summit Avenue, with the commercial entrances and loading bays for shipping and receiving located at the rear of the building.  Another row of connected buildings runs parallel to Summit Avenue fronting on Altamont Avenue to the south.  The property in question lies between both rows of buildings.

The deed conveying the property to D&J includes the building and an easement to use railroad spur tracks located

behind each row of buildings.  The easement provides in pertinent part:

> [T]he right, privilege and easement to use in common the said spur tracks and sidings, and so much of the property of Davis Brothers, Incorporated, in the block bounded by Patton Avenue, the Boulevard, Altamont Avenue, Norfolk Street, and Summit Avenue, and abutting said spur tracks and sidings as may be necessary to afford the property hereby conveyed and the improvements thereon free and convenient access to and use of the said spur tracks and sidings. . . .

The deed refers to "the location of said spur tracks and sidings" on a particular plat which identifies an "easement to use in common spur tracks."  The railroad spur tracks referenced in the deed branched from a main railroad line nearby, entered the property, and ran along the rear of each row of buildings.  The rail service was discontinued sometime in the 1970's.  The parties agree that if D&J's easement has not been extinguished, then it encumbers the property owned by Pyramid.

Beginning before the rail service was discontinued and continuing to the present, the property was used by motor vehicles for deliveries and for parking by the occupants of the building.  After Pyramid purchased the property in 1998, it wished to improve the property by paving it and adding parking spaces and asked the owners of the other buildings, including D&J, to enter into an agreement to defray the costs involved in

2

exchange for the use of parking spaces.  Pyramid planned to rent the spaces to those owners who chose not to enter into the agreement.

D&J did not enter into the agreement or pay for parking spaces.  Instead, D&J filed a bill of complaint requesting injunctive relief to prevent Pyramid from restricting access to the property.  D&J asserted in the bill of complaint that the easement in its deed allowed for ingress and egress to its building and for the parking of vehicles.  In response, Pyramid maintained that when the rail service was discontinued, the essential purpose of the easement was abandoned.

The trial court found the language of the easement ambiguous and permitted the introduction of parol evidence to determine whether the scope of the easement allowed for the use of trucks and other vehicles.  At trial, D&J's evidence demonstrated that it regularly used the property for loading and unloading trucks and other vehicles.  The trial court found that the easement granted to D&J included the "use of the way to access [its] building in a reasonable manner in the ordinary course of [its] business."  Relying on our decision in Wagoner v. Jack's Creek Coal Corp., 199 Va. 741, 744-45, 101 S.E.2d 627, 629 (1958), the trial court found that "the more modern use of motor vehicles to access plaintiff's building instead of

3

the spur tracks [did] not violate the terms of the easement at issue."

The trial court enjoined Pyramid from impeding D&J's access to the property.  Following issuance of the trial court's order, both parties requested clarification.  After a hearing, the trial court entered a subsequent order to clarify the rights of the parties.  The revised order provided D&J with "the non-exclusive right of ingress and egress over and across" the property for access to its building and for loading and unloading vehicles, delivery and shipment of goods, placement of a dumpster, and the non-exclusive right to park motor vehicles at the rear of its building.  Pyramid appeals the adverse judgment of the trial court.

## II. Standard of Review

The trial court's finding of facts are binding upon this Court unless they are plainly wrong or unsupported by the evidence.  Quantum Dev. Co. v. Luckett, 242 Va. 159, 161, 409 S.E.2d 121, 122 (1991).  However, "[t]he question whether a writing is ambiguous is not one of fact but of law." Langman v. Alumni Assoc. of the Univ. of Virginia, 247 Va. 491, 498, 442 S.E.2d 669, 674 (1994).  On appellate review, we are not bound by the trial court's conclusions regarding an instrument's ambiguity because we are provided with the same opportunity as the trial court to consider the written

4

provisions of the deed in question.  Id.  If the trial court errs in admitting parol evidence, its findings of facts based upon improperly admitted evidence are plainly wrong.  Id.

### III. Analysis

On appeal, Pyramid argues that the trial court erred in allowing the introduction of parol evidence to aid in determining the scope of the easement.  Additionally, Pyramid argues that the easement was extinguished because the subject of the easement, rail service, ceased to exist.

When an easement is granted by deed, unless it is ambiguous, "the rights of the parties must be ascertained from the words of the deed, and the extent of the easement cannot be determined from any other source."  Gordon v. Hoy, 211 Va. 539, 541, 178 S.E.2d 495, 496 (1971).  We have held that when the language of a deed is "clear, unambiguous, and explicit," a court interpreting it "should look no further than the four corners of the instrument under review."  Langman, 247 Va. at 498-99, 442 S.E.2d at 674.  Only when the language is ambiguous may a court look to parol evidence, or specifically, to the language employed "in light of the circumstances surrounding the parties and the land at the time the deed was executed."  Hoy, 211 Va. at 541, 178 S.E.2d at 496.

The trial court, citing reliance on our decision in Strickland v. Barnes, 209 Va. 438, 164 S.E.2d 768 (1968),

5

concluded that the language used in D&J's grant was ambiguous and therefore determined it was appropriate to utilize parol evidence. In Strickland, the grant at issue was made subject to easements and restrictions indicated on a plat. Id. at 441, 164 S.E.2d at 770. The plat showed several easements, including a 25-foot strip "reserved for future R.R. Siding." Id. The crucial question in the case was, "[w]hat easement or right of way . . . was intended by the words 'Reserved for future R.R. Siding?' " Id. at 442, 164 S.E.2d at 770. No railroad siding had been constructed, so the Court was called upon to decide whether any right had been granted in the 25-foot strip pending the construction of the siding. Id. In Strickland, we agreed with the trial court that both the deed and the plat were ambiguous; therefore, parol evidence was proper to aid in the trial court's determination. Id. at 442, 164 S.E.2d at 770-72.

The present case is different from Strickland. The deed at issue in Strickland referenced an easement to a railroad siding that was not yet constructed, and the intended use of the easement prior to construction of the siding rendered the language in the deed ambiguous. In the present case, however, the deed unambiguously granted an easement "to use in common the said spur tracks and sidings, and so much of the property . . . abutting said spur tracks and sidings as may be

6

necessary to afford the property hereby conveyed . . . free and convenient access to and use of the said spur tracks and sidings." The language employed in D&J's deed is not ambiguous; the purpose of the easement was expressly limited to allowing access to the spur tracks and sidings, and nothing more. Accordingly, we hold that the trial court erroneously admitted parol evidence to determine the scope of the unambiguous easement.

The trial court also relied on our decision in Wagoner; however, the present case differs from Wagoner as well. The easement at issue in Wagoner granted a right of way across a road described as "a wagon haul road." Wagoner, 199 Va. at 744, 101 S.E.2d at 629. We recognized that "where a right of way is granted or reserved it may be used for any purpose to which the land accommodated thereby may reasonably be devoted unless the grant or reservation specifically limits the use . . . ." Id. at 744, 101 S.E.2d at 629. We further held that use of the easement by trucks, the modern substitute for wagons, did not violate the easement. Id. at 745, 101 S.E.2d at 629. The easement involved in the present case is different from the easement in Wagoner. In Wagoner, the easement was not limited as to use and the road continued in existence. Id. at 744-45, 101 S.E. 2d at 629. However in the case before us, D&J's easement is specifically limited to

7

allowing access to the spur tracks and sidings.  The spur tracks and sidings are no longer in use; therefore, the limited purpose of the easement is no longer in existence.

Finally, based on the unambiguous language in the deed, the easement to use the spur tracks and sidings was extinguished when rail service was discontinued.  "If the particular purpose for which [an] easement is granted is fulfilled or otherwise ceases to exist, the easement . . . falls to the ground."  1 FREDERICK D.G. RIBBLE, MINOR ON REAL PROPERTY § 107.1, at 145-46 (2d ed. 1928).  Accord American Oil Co. v. Leaman, 199 Va. 637, 652, 101 S.E.2d 540, 552 (1958).  When the rail service was discontinued, the purpose of the easement, which was to allow access to the spur tracks and sidings, ceased to exist.

## IV. Conclusion

For the foregoing reasons, we hold that the trial court erred in finding the language of the deed ambiguous and in permitting the introduction of parol evidence.  The trial court further erred in finding that an easement continued to exist over the property, despite the discontinuance of rail service.  Because the injunction was based upon an erroneous

premise, the trial court further erred in granting injunctive relief.[*]

Accordingly, we will reverse and vacate the judgment of the trial court, and will enter final judgment for Pyramid dismissing the Bill of Complaint.

<u>Reversed and final judgment</u>.

---

[*] Pyramid also asserted that the trial court erred in finding that the easement included the use of delivery vehicles and parking privileges, and the placement of a dumpster on the property.  Because we find that the easement was extinguished, we need not address this assignment of error.

9