# CIRCUIT COURT OF ROANOKE COUNTY

Steven Burak
and Sondra Burak

v.

Appalachian Power Co.

February 7, 2002

Case No. CH00-760

BY JUDGE DIANE MCQ. STRICKLAND

The Petitioners filed suit against Appalachian Power Company ("APCO") for violation of the terms of an easement across their property. The Court relies upon the transactional history of the case set forth in the parties' memoranda and recites only the facts necessary to the ruling.

Franklin Real Estate Corporation[1] ("Franklin") purchased several tracts of land on behalf of APCO for the purpose of building a power substation on a portion of the property. The land was subdivided into four lots, of which only Lots 2 and 3 are involved in this suit. On February 12, 1996, Franklin executed a deed ("APCO Deed") conveying Lot 3 to APCO for construction of the substation. This deed provided that "Franklin further grants and conveys unto [APCO] a twenty-five foot wide easement for the ingress and egress to Lot 3 [across Lot 2] as shown on the above mentioned plat." (Stip. Ex. B.)

On May 30, 1996, Franklin deeded Lot 2 to the Buraks. On that same day, Franklin entered into a Roadway Easement with APCO that is the subject of this dispute.

The Easement provided in pertinent part that:

---

[1] The parties acknowledged that Franklin is a subsidiary and agent of APCO.

[s]aid road may be traveled by such personnel and vehicles of [APCO] as may be necessary or incidental to the construction, operation, and maintenance of [APCO's] electric power transmission lines or other facilities located upon lands of owner or on adjacent land.

(Stip. Ex. E.) Lot 2 was conveyed to the Buraks subject to all "easements ... of record, if any, now in force and effect." (Stip. Ex. D.) In August 2000, APCO permitted Triton PCS Property Company ("Triton") to construct a cellular tower adjacent to the substation. The use of the easement by Triton is challenged by the Buraks.

As a threshold issue, the Court must determine whether certain proffered parol evidence is admissible. The Supreme Court recently stated that:

When an easement is granted by deed, unless it is ambiguous, the rights of the parties must be ascertained from the words of the deed, and the extent of the easement cannot be determined from any other source. ... Only when the language is ambiguous may a court look to parol evidence, or specifically, to the language employed in light of the circumstances surrounding the parties and the land at the time the deed was executed.

*Pyramid Dev., L.L.C. v. D & J Assoc.*, 262 Va. 750, 754, 553 S.E.2d 725, 728 (2001) (citation omitted). In the present matter, the terms of the documents are clear and unambiguous and the Court is not permitted to look to extraneous sources. Therefore, the Court will not consider the proffered testimony of the Buraks nor Jay Divers concerning the circumstances surrounding execution of the Roadway Easement on May 30, 1996.

The issue presented is whether the language of the Roadway Easement is a valid limitation of the general unrestricted easement for ingress and egress contained in the APCO Deed. The Buraks' contend that the Roadway Easement modifies the general easement and restricts the scope of its use. APCO argues that the Roadway Easement is an invalid unilateral restriction of the general easement or that, alternatively, it merely restates the general right-of-way contained in the APCO Deed.

In *Buxton v. Murch*, 249 Va. 502, 457 S.E.2d 81 (1995), the Court addressed whether an express easement that had changed location from that set forth on deeds and maps was extinguished. The Court ruled that "[e]ven where there has been a definite location of an easement, it may be changed with the express or implied consent of the persons interested." This holding is applicable to the case at bar.

Franklin and APCO, for "the sum of One Dollar ($1.00), and other good and valuable consideration" (Stip. Ex. E.), expressly entered into the Roadway Easement. APCO's argument that the Roadway Easement is invalid because Franklin "unilaterally and arbitrarily" restricted the easement is without merit. While the instrument was not signed by APCO, the language at the end of the document reflects that APCO's counsel prepared the Roadway Easement on its behalf. Furthermore, APCO expressly incorporated the Roadway Easement into the Road Maintenance Agreement (Stip. Ex. F) executed between it and the Buraks on May 30, 1996.

The language of the Roadway Easement does not, as APCO claims, restate the easement contained in the APCO Deed. If the parties had intended to restate the general easement contained in the deed, they could have expressly indicated an intention to do so by using the same terminology. The scope of the Roadway Easement is not general but rather is limited to use only by APCO's "personnel and vehicles ... as may be necessary or incidental to the construction, operation, and maintenance of [APCO's] electric power transmission or other facilities."

The language of the Roadway Easement is not broad enough to extend to use by Triton's equipment, personnel, or vehicles to maintain its tower. (Stip. Ex. E, ¶ 2.) Even were Triton to qualify as a "lessee" under Paragraph Four, it would be limited by the language in Paragraph Two to using the road for the operation and maintenance of APCO's transmission lines and facilities located on the property. The use of the easement by Triton violates the terms of the Roadway Easement; and therefore, the Buraks' request for injunctive relief is granted.

Upon representation of the Buraks that damages are no longer sought, the Court need not address that issue.