## CIRCUIT COURT OF FAIRFAX COUNTY

Preston Mulford
and Beverley Mulford

    v.

Fairfax Center, L.L.C.

March 6, 2003

Case No. (Law) 208262

BY JUDGE R. TERRENCE NEY

This matter came before the Court on December 20, 2002, pursuant to Defendant's Demurrer to Plaintiffs' claims of Interference and Destruction of Property (Count I) and Taking of Property (Count II) in connection with an alleged ingress-egress easement. The Plaintiffs complain of destruction of an asphalt road and a sign on the easement.

### *Facts*

Plaintiffs Preston and Beverley Mulford are residents of Virginia who reside at 6101 Old Centreville Road in Centreville. The Defendant, Fairfax Center, L.L.C. ("Fairfax Center"), is a limited liability company located in Falls Church, Virginia.

The Mulfords purchased a parcel of land in Centreville, Fairfax County, in 1972, which is situated adjacent to and east of Old Centreville Road. As part of their purchase, the Mulfords were granted an easement

situated on property owned now by Fairfax Center that connected Old Centreville Road westward to Route 28. The easement was later improved by the Mulfords with an asphalt roadway and a sign.

Since 1972, the Mulfords have operated a Horseback Riding School and Camp on the Centreville property. A sign, facing Route 28 and marking the location of the Mulford School, was situated on the easement and served as the primary source of advertisement for the Mulford School and Camp.

In 1987, the Virginia Department of Transportation ("VDOT") purchased from the Mulfords the portion of the easement which served as the access point to Route 28. VDOT purchased the access portion of the easement for $12,000. According to the Mulfords, this sale was duly recorded and reflected on the State Highway Plat Book, along with the remainder of the easement, a fact that is uncontested by Fairfax Center.

This purchase resulted in approximately sixty feet of asphalt roadway remaining which extended from Old Centreville Road but then dead-ended before reaching Route 28. The Mulfords began using the remaining roadway as a nature trail and for extra parking for patrons of the Mulford School/Camp. The Mulfords contend that this remaining portion of the easement has been used for the purpose of parking cars since 1987 and that such a purpose was the sole reason the Mulfords sold, and VDOT purchased, only the Route 28 access portion of the easement.

In August 2002, Fairfax Center began construction on its property over which the grant of easement had existed. As a result of its construction work, Fairfax Center destroyed the asphalt driveway as well as the Mulford School sign. In addition, Fairfax Center piled several feet of dirt and rock on the driveway, making what remained of the easement unusable to the Mulfords.

On October 4, 2002, the Mulfords petitioned the Court for an injunction seeking to enjoin Fairfax Center's further construction. The Court denied the Mulfords' petition on the grounds that the Mulfords had an adequate remedy at law.

On October 9, 2002, the Mulfords filed a two-count Motion for Judgment alleging that Fairfax Center, through its construction efforts: (1) interfered with the Mulfords' use of the easement and destroyed their easement and sign (Count I of the MFJ); and (2) effectively took the Mulfords' property without the Mulfords' permission and without compensating the Mulfords for its sole use and control (Count II of the MFJ). The Mulfords sought the recovery of both compensatory and punitive damages.

On October 31, 2002, Fairfax Center responded by Demurrer to the Mulfords' allegations asserting that the Mulfords failed to allege any facts in

support of (1) the continued existence of an easement subsequent to the Mulfords' conveyance of the Route 28 access portion of that easement to VDOT; (2) a sign easement or any other legal right to place a sign on Fairfax Center's property; or (3) a claim that Fairfax Center's actions amount to a "taking" of property or that Fairfax Center's activity fell within the ambit of the eminent domain statutes.

On December 20, 2002, the Court sustained the Demurrer to Count II, Taking of Property, and to the punitive damage claims. The Court, however, took the Demurrer to Count I, Interference and Destruction of Property, under advisement, in particular, the question of whether a landowner is liable for the destruction of improvements and/or personal property located on an extinguished easement.

## Discussion

On demurrer, the Court must consider as true the facts expressly alleged, the facts impliedly alleged, and the facts that may be fairly and justly inferred from the alleged facts. *CaterCorp, Inc. v. Catering Concepts, Inc.,* 246 Va. 22, 431 S.E.2d 277 (1993). A demurrer, however, does not admit the correctness of the pleader's conclusions of law. *Russo v. White,* 241 Va. 23, 407 S.E.2d 160 (1991).

Applying these principles, the Court considers first whether the Mulfords have sufficiently pleaded the existence of an easement and, more importantly, that such an easement continues to exist for their benefit and use.

In addressing this issue, the Court examines the purpose the easement served at the time it was granted to the Mulfords. In their Motion for Judgment, the Mulfords only allege an easement for purposes of ingress and egress. MFJ ¶¶ 5 and 6. As Fairfax Center points out, however, these purposes no longer exist as a result of the conveyance of the Route 28 access portion to VDOT. Although the Mulfords allege other types of activity occurring on their purported easement, parking of cars and nature trail, the Mulfords fail to set forth any factual basis that such activities, including the placement of the Mulford School sign,[1] fall within the scope of an ingress-egress easement.

---

[1] Fairfax Center asserts that the right of ingress or egress does not confer the right to place signs. *See e.g., Klugman v. Sausman Enterprises, Inc.,* 3 Pa. D. & C. 3d 115, 1975 WL 10 (Pa. Com. Pl. 1975) (written easement for "ingress, egress, and regress" does not authorize motel sign); *Smith v. Jensen,* 156 Ga. 814, 120 S.E. 417, 420 (1923) (no right to place sign in ingress-egress hallway).

The Mulfords contend that the purpose of the easement has not been frustrated, much less extinguished, by virtue of their conveyance of the Route 28 access portion to VDOT in 1987. They assert that because VDOT purchased only a *portion* of the easement, the remaining portion is still a valid and existing easement. But such cannot be so.

An easement is a privilege to use the land of another in a particular manner and for a particular purpose. *See e.g., Brown v. Haley,* 233 Va. 210, 355 S.E.2d 563 (1987). The use of an easement must be restricted to the terms and purposes on which the grant was based. *Pizzarelle v. Dempsey,* 229 Va. 521, 526 S.E.2d 260 (2000); *Nishanian v. Sirohi,* 243 Va. 337, 141 S.E.2d 604 (1992); *Robertson v. Bertha Min. Co.,* 128 Va. 93, 104 S.E. 832 (1920). An easement ceases to exist, however, upon cessation of the purpose for which it was granted. *American Oil Co. v. Leaman,* 199 Va. 637, 101 S.E.2d 540 (1958).

It is well settled in Virginia that when an ingress-egress easement no longer connects to a public road, the easement is extinguished. *Id. Accord, Pyramid Development, L.L.C. v. D & J Assocs.,* 262 Va. 750, 553 S.E.2d 725 (2001) (easement for allowing access to railroad spur tracks and sidings held terminated when rail service had discontinued years earlier); *see also McCreery v. Chesapeake Corp.,* 220 Va. 227, 257 S.E.2d 828 (1979) (easement purpose terminated when access to public road closed). The Court finds here that not only has the purpose for the Mulfords' ingress-egress easement been extinguished, as the pleading itself indicates that it no longer connects Route 28 and Old Centreville Road (MFJ ¶ 6), but that the *fact* of the easement no longer exists as well, as the Mulfords allege that they sold the access portion of the easement area to VDOT in 1987. *Id.* As a result of this conveyance, the easement was extinguished. As such, the Court finds that the facts as alleged in the pleading cannot support a cause of action for destruction of an easement.

Given that the Mulfords' easement no longer exists, the Court turns next to the issue of whether a landowner is liable to the holder of the former easement for the destruction of improvements made to, and/or personal property placed on, the easement.

In addressing the issue of liability in this context, the Court must first determine whether the improvements that were allegedly destroyed by Fairfax Center, namely, the asphalt roadway and the sign, were fixtures and thus part of the land owned by Fairfax Center or personalty remaining separate from the land and belonging to the Mulfords.

A fixture is a thing which, though originally a movable chattel, is by reason of its annexation to land regarded as a part of the land. 2 *Tiffany Real*

*Property.* § 606. (3d ed. 1939). The term "fixture" itself implies something having an initial existence separate from realty but which may by annexation be assimilated into realty. *Mullins v. Sturgill*, 192 Va. 653, 66 S.E.2d 483 (1951). The term denotes the change that has occurred in the nature and legal incidents of the property. Fixtures partake of the character, incidents, and properties of realty and belong, in the ordinary case at least, to the person or persons owning the land. *Id.*

In determining whether a chattel has been annexed to realty, the intention of the party making the annexation is the paramount and controlling consideration. *Mullins*, 192 Va. at 659, 66 S.E.2d at 487. The intention need not be expressed in words; it may be inferred from the nature of the article affixed, the purpose for which it was affixed, the relationship of the party making the annexation, and the structure and mode of annexation. *Id.*

In weighing the sufficiency of the Mulfords' allegations in light of these principles, the allegations of ownership with respect to the improvements are vague at best. Although the Mulfords allege that Fairfax Center is developing a parcel of real property (MFJ ¶¶ 3 and 4), and, in the process of such development, destroyed the asphalt roadway and Mulford sign situated on the property (MFJ ¶¶ 9 and 11), the only legal right set forth in the Motion for Judgment is that of an ingress-egress easement. MFJ ¶¶ 5 and 6. No other legal rights of use or ownership are alleged, nor do the Mulfords allege any facts in support of a lease, license, sign easement, or other subsisting legal entitlement that the Mulfords possess with regard to the improvements on the easement.

In the absence of any allegations to the contrary,[2] the Court finds that the asphalt roadway and sign are fixtures annexed to the realty and therefore property belonging to the landowner, Fairfax Center.[3] Any improvements to the easement were justified, if at all, when the easement existed. Once it terminated — and here it did by the Mulfords' own actions — the improvements were abandoned along with the easement.

---

[2] The Mulfords fail to allege any agreement establishing the nature and ownership of the driveway or sign. *See generally, Adams Outdoor Advertising v. Long*, 253 Va. 206, 483 S.E.2d 224 (1997). In addition, the Mulfords fail to make any factual allegations which would support a conclusion that these improvements should be treated as separately owned personalty.

[3] *See* Va. Code Ann. § 43-2 (2002 Repl. Vol.) ("For purposes of this chapter, a . . . driveway, pavement, [or] parking lot . . . shall be deemed a structure permanently annexed to the freehold. . . .")

Even if the asphalt roadway and sign were *personalty* owned by the Mulfords, such a classification does not change the result. The Mulfords' own pleading states that the sign and driveway remained on Fairfax Center's property for almost fifteen years after the ingress-egress easement terminated. MFJ ¶ 28.

When tenants retain ownership of structures that they have erected on property and are permitted to remove the structures the removal generally must occur within a reasonable period after the end of the tenancy. *Adams Outdoor Advertising v. Long*, 253 Va. 206, 483 S.E.2d 224 (1997). If the structures are not removed, then they become the property of the landlord. They have become affixed to the land. This ancient rule is based on a presumption of abandonment and serves to protect subsequent parties from interruption by a tenant who later returns to remove the fixtures. *Id.*

Fifteen years after termination of the ingress-egress easement is an unreasonable length of time for the Mulfords to claim any ownership rights over the alleged personalty which remained on Fairfax Center's property. Accepting their allegations as true as to the Mulfords' right of ownership of the asphalt driveway and sign destroyed as a result of Fairfax Center's construction efforts, the Mulfords' conclusion of liability is unsupported. As such, the Court finds that the Mulfords have failed to state a cause of action for destruction of property.

## Conclusion

The Court finds that the Mulfords fail to possess any easement or other continuing legal right to use the former easement area for any purpose. In addition, the Court finds that the Mulfords fail to allege facts sufficient to support a claim of legally cognizable ownership with respect to the improvements made to the easement during its existence. For these reasons, the Demurrer of the Defendant to Count I is sustained, and the Motion for Judgment is dismissed.

## Order

This matter came before the Court on December 20, 2002, pursuant to Defendant's Demurrer to Plaintiffs' claims of Interference and Destruction of Property (Count I) and Taking of Property (Count II) in connection with an ingress-egress easement and the destruction of a sign.

On December 20, 2002, the Court sustained Defendant's Demurrer to Count II and to the punitive damage claims and took the Defendant's

Demurrer to Count I under advisement, in particular, the question of whether a landowner is liable for the destruction of improvements and/or personal property located on an extinguished easement.

For the reasons stated in this Court's opinion letter dated March 6, 2003, which is attached hereto and made a part hereof, the Defendant's Demurrer to Count I is sustained. As all other claims raised by the Plaintiffs have previously been dismissed by this Court, it is hereby ordered that the Motion for Judgment is dismissed with prejudice.

The Court notes the Plaintiffs' exceptions to this Order. This Order is final.