Present:  Keenan, Koontz, Kinser, Lemons, Goodwyn, Millette, JJ., and Stephenson, S.J.

REMORA INVESTMENTS, L.L.C.

v.  Record No. 080313       OPINION BY JUSTICE DONALD W. LEMONS
                                      February 27, 2009
DAVID L. ORR

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

In this appeal, we consider whether a member of a limited liability company ("L.L.C.") may bring a direct action against the manager of that L.L.C. for an alleged breach of fiduciary duty to the individual member or if such an action must be brought derivatively on behalf of the L.L.C.

I. Facts and Proceedings Below

O.A.L.L.C. ("O.A.") was formed in 2000 as a Virginia limited liability company with only two members -- David L. Orr ("Orr") and Remora Investments, L.L.C. ("Remora") – each with a fifty percent ownership interest in O.A.  Orr has been engaged in commercial real estate development in the Washington, D.C. Metropolitan area for twenty years.  Remora is a limited liability company.  The majority interest in Remora is held by trusts for the children of Richard L. Adams, Jr. ("Adams"), and Adams owns 5% and is the manager.  The purpose of O.A. was "(a) to purchase, own, develop, manage, invest in and sell or otherwise dispose of the real property and (b) to do any other lawful thing necessary, appropriate or

advisable in connection with these activities." Orr was designated the manager of O.A. under O.A.'s operating agreement.

Beaumeade 1A Investment L.L.C. ("Beaumeade") "was a Delaware limited liability company" whose members were O.A. and VA Value L.L.C., with each owning a 50% interest. Orr was the manager of Beaumeade as well. The purpose of Beaumeade was to purchase, own, manage, invest in and sell or otherwise dispose of certain real property. Adams, on behalf of Remora, testified that his understanding of Beaumeade's purpose was "to acquire a vacant lot, build a building on it, lease it, then sell it."

Beaumeade acquired a parcel of real property in Loudoun County, Virginia, known as 21785 Filigree Court, Ashburn, Virginia. This property was Beaumeade's only asset. Orr opened an investment account in the name of O.A. in early October, 2003. On October 15, 2003 Beaumeade's property was sold for $2,779,970.99 and the proceeds were deposited in an account for Beaumeade. Orr directed that the portion of proceeds payable to O.A. from the sale of Beaumeade's property, $1,384,166.55, be deposited in its entirety by wire transfer from Beaumeade to O.A.'s investment account on October 16, 2003. These funds from the sale of the Beaumeade

property were not invested in any manner other than deposit in the investment account.

Remora filed its first action against Orr and O.A. on January 21, 2004 seeking, among various other remedies, that O.A. be dissolved and O.A.'s assets be distributed. The trial court sustained a demurrer on the first bill of complaint but gave Remora leave to amend. Remora then filed a first amended bill of complaint and thereafter requested leave to amend, which the trial court permitted. A second amended bill of complaint was then filed requesting dissolution of O.A. and distribution of O.A.'s assets. Remora also sought an accounting of O.A. and judgment against Orr for breach of fiduciary duties that Remora claimed Orr owed to it and O.A.

While the Beaumeade Property was sold on October 15, 2003 and the proceeds invested the next day, Orr did not make a disbursement of O.A.'s assets to either himself or Remora until September 26, 2005 and then again October 4, 2005. Orr testified that he knew at least by October of 2003 that Remora, through demand by Adams, wanted its share of the O.A. funds disbursed to it.

The trial court referred the matter to a commissioner in chancery. The commissioner found that Remora had standing to bring the action directly and that it did not have to bring suit against Orr derivatively on behalf of O.A. The

commissioner also found that the "sale of the Beaumeade property, the only asset of O.A., was an event of dissolution and disbursement should have taken place." Furthermore, the commissioner found "that Orr breached his fiduciary duty as manager of O.A. and wrongfully withheld disbursement, and is therefore liable in damages to Remora." The commissioner's report was filed, and Orr filed exceptions to the commissioner's report.

After hearing oral argument and upon consideration of the parties' briefs, the trial court did not accept the commissioner's findings and conclusions. Specifically, the trial court held "that a claim for breach of fiduciary duty cannot be brought directly by one member of an L.L.C. against another member or manager, and thus Remora did not have standing to bring this cause of action directly against Orr." We awarded Remora an appeal upon four assignments of error:

1. The trial court erred in holding that a manager of a limited liability company owes no fiduciary duty to the members of the company.

2. The trial court erred in holding that a member of a limited liability company has no direct right of action against the manager for breach of fiduciary duty.

3. The trial court erred in holding that a claim by a member of a limited liability company against the manager for breach of fiduciary duty may only be brought as a derivative action.

4

4. The trial court erred in holding that when an event of dissolution of the limited liability company has occurred and performance by the manager of the fiduciary duty breached would result in dissolution of the company, a member may only bring an action against the manager for breach of fiduciary duty derivatively even though the wrong was directed at the member and only the member and not the company would benefit from recovery on the claim.

## II. Standard of Review

The question whether a member or manager of an L.L.C. may be sued directly by a member rather than pursuing a derivative action on behalf of the L.L.C. is a question of law. The trial court owes no deference to a commissioner's conclusions of law. Orgain v. Butler, 255 Va. 129, 132, 496 S.E.2d 433, 435 (1998). In this appeal, the dispositive issues are reviewed de novo because the question whether a member or manager of an L.L.C. may be sued directly by a member instead of by a derivative action on behalf of the entity is an issue of law, see Westgate at Williamsburg Condo. Ass'n, Inc. v. Philip Richardson Co., 270 Va. 566, 574, 621 S.E.2d 114, 117 (2005), and this Court has the same opportunity as the trial court to read and interpret the operating agreement of the L.L.C. Pocahontas Mining LLC v. CNX Gas Co., LLC, 276 Va. 346, 352, 666 S.E.2d 527, 531 (2008); Video Zone, Inc. v. KF&F Properties, L.C., 267 Va. 621, 625, 594 S.E.2d 921, 923 (2004); Pyramid Dev., L.L.C. v. D&J Assocs., 262 Va. 750, 754, 553 S.E.2d 725, 727 (2001).

5

Remora argues that under proper principles of statutory interpretation, analogous corporate law, and Tooley v. Donaldson, Lufkin, & Jenrette, Inc., 845 A.2d 1031 (Del. 2004), it had standing to bring a direct cause of action against Orr for breach of fiduciary duties.  We disagree.

### III. Standing and Fiduciary Duties

#### A.    Statutory Construction

In Gowin v. Granite Depot, LLC, 272 Va. 246, 254, 634 S.E.2d 714, 719 (2006), we stated that a "limited liability company is an entity that, like a corporation, shields its members from personal liability based on actions of the entity."  In Flippo v. CSC Associates III, L.L.C., 262 Va. 48, 56-57, 547 S.E.2d 216, 221 (2001), we stated that a manager of an L.L.C. is "like a corporate director" and analogized the fiduciary duties of managers in an L.L.C. to the fiduciary duties of corporate directors.  In Mission Residential, LLC v. Triple Net Properties, LLC, 275 Va. 157, 161, 654 S.E.2d 888, 891 (2008), we stated: "[l]ike a corporation, a limited liability company is a legal entity entirely separate and distinct from the shareholders or members who compose it."

Code § 13.1-1024.1, titled "General standards of conduct for a manager," which is part of Virginia's Limited Liability Company Act and Code § 13.1-690, titled "General standards of conduct for director," found in Virginia's Stock Corporation

6

Act have almost identical language. Code § 13.1-1024.1(A) reads: "A manager shall discharge his or its duties as a manager in accordance with the manager's good faith business judgment of the best interests of the limited liability company." Code § 13.1-690 reads: "A director shall discharge his duties as a director, including his duties as a member of a committee, in accordance with his good faith business judgment of the best interests of the corporation." Nothing in either of these code provisions imposes duties between members of an L.L.C., between members and managers of an L.L.C., between stockholders of a corporation, or between individual shareholders and officers and directors. By contrast, general partnership law in Virginia provides that "a partner owes to the partnership and the other partners . . . the duty of loyalty and the duty of care." Code § 50-73.102(A) (emphasis added).

The trial court held that "a claim for breach of fiduciary duty cannot be brought directly by one member of an L.L.C. against another member or manager, and thus Remora did not have standing to bring this cause of action directly against Orr." The trial court noted that if the General Assembly had wanted to impose such fiduciary duties it would have done so explicitly, as it did in the partnership statute. We agree with the trial court.

7

B. Analogous Corporate Law

Remora contends that our decisions in Adelman v. Conotti Corp., 215 Va. 782, 213 S.E.2d 774 (1975) and Glass v. Glass, 228 Va. 39, 321 S.E.2d 69 (1984), by analogous application of corporate law, establish that managers of L.L.C.s owe its members fiduciary duties.  However, Remora's reliance on these two cases is misplaced.

As the United States District Court correctly observed in its interpretation of Adelman,

> the Virginia common law duty owed to the shareholders . . . by its directors was not a fiduciary duty inuring to each shareholder in his individual dealings with [the corporation], but was rather a duty attaching only to dealings between the officers and directors of [the corporation] and the shareholders as a class.

American General Ins. Co. v. Equitable General Corp., 493 F. Supp. 721, 741 (E.D. Va. 1980).  Later in Glass we held that "[c]orporate officers and directors have a fiduciary duty in their dealings with shareholders and must exercise good faith in such dealings."  228 Va. at 47, 321 S.E.2d at 74.  However, the fiduciary duty referred to in Glass was to shareholders as a class and not individually.

In Simmons v. Miller, 261 Va. 561, 544 S.E.2d 666 (2001), we held that corporate shareholders cannot bring individual, direct suits against officers or directors for breach of fiduciary duty, but instead shareholders must seek their

8

remedy derivatively on behalf of the corporation. Id. at 576, 544 S.E.2d at 675. In Simmons we rejected a "closely held corporation exception" to the general rule requiring derivative suits and noted that requiring a derivative suit

> prevents multiplicity of lawsuits by shareholders. A recovery by the corporation protects all shareholders as well as creditors. Finally, . . . consistent application of commercial rules promotes predictability. If shareholders and the corporation desire to vary commercial rules by contract, they are free to do so.

Id. Our holdings in Adelman, Glass and Simmons do not support Remora's contention that we have previously approved direct causes of action by individual shareholders against directors and should likewise permit such actions by members of an L.L.C. against a manager.

Additionally, Remora argues that we should adopt the rule established by the Delaware Supreme Court in Tooley, providing that

> determining whether a stockholder's claim is derivative or direct . . . must turn *solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive benefit of any recovery or other remedy (the corporation or the stockholders, individually)?

845 A.2d at 1033. In determining the "nature of the wrong and to whom the relief should go" the Delaware Supreme Court held a direct action may be maintained by a stockholder if the

9

claimed direct injury is "independent of any alleged injury to the corporation" and the stockholder demonstrates that "the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation." Id. at 1039.

We need not decide whether to adopt the analysis employed by the Delaware Supreme Court in Tooley, but observe that even under such an approach, Remora would not prevail. In its pleadings, Remora seeks damages for misapplication of the proceeds from the sale of the Beaumeade property, challenges the manner of Orr's investment of the proceeds, and seeks punitive damages. All of these alleged injuries, if sustained, are injuries to O.A. Additionally, Remora's alleged injuries are not unique to it. While Orr is the manager, he is also a member. Based upon the allegations recited above, any injury sustained by Remora was also sustained by Orr.

### C. Operating Agreement

O.A.'s operating agreement stated that Orr was the manager and listed numerous "Rights, Powers and Duties of the Manager." However, O.A.'s operating agreement did not establish fiduciary duties between members or between a member and a manager. As we noted in the corporate context in Simmons, "[i]f shareholders and the corporation desire to vary

10

commercial rules by contract, they are free to do so."

Simmons, 261 Va. at 576, 544 S.E.2d at 675.  Such provisions can also be included in an L.L.C.'s operating agreement.

## IV. Conclusion

Nothing in the statutory provisions relating to L.L.C.s provide for fiduciary duties between members of an L.L.C. or between a member and a manager of an L.L.C.  Analogous case law relating to corporations does not provide such duties. O.A.'s operating agreement does not provide such duties. Accordingly, the trial court did not err in dismissing Remora's complaint because it did not have standing to bring a direct action in this case.

Affirmed.