Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

JANET M. OTT, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE
OF ADMIRAL DEWEY MONROE, DECEASED

OPINION BY
v. Record No. 070228     SENIOR JUSTICE CHARLES S. RUSSELL
                                 January 11, 2008
L&J HOLDINGS, LLC, ET AL.

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Martin Bass, Judge

This appeal presents the question whether a deed, executed pursuant to a power of attorney, should be set aside on the ground that it exceeded the authority of the attorney-in-fact.

Facts and Proceedings

The essential facts are undisputed, although the parties differ as to the interpretations and inferences to be drawn from them. Admiral Dewey Monroe (Dewey) and his wife, Lou Ann Monroe (Lou Ann) were married for more than 50 years. During the marriage, they acquired substantial holdings of real property in Stafford County, some of which they subdivided and sold. On December 27, 2001, Dewey executed a durable power of attorney, naming Lou Ann his attorney-in-fact with authority to sell and convey real property, to enter into binding contracts on Dewey's behalf and to manage his business affairs. The document authorized the attorney-in-fact to make gifts, but only to family members and to "such other persons

or charitable organizations with whom I have an established pattern of giving.  My Agent may not make gifts of my property to the Agent."  The power of attorney provided that it would not be affected by Dewey's disability or lack of mental competence and would remain effective until his death unless revoked by written notice.

On January 23, 2002, Dewey suffered a debilitating stroke that left him unable to communicate or to manage his business affairs.  He retired to a nursing home and remained there until his death on August 5, 2004.

Dewey and Lou Ann had, for many years, been in the business of developing real property, by subdividing and selling residential building lots.  After Dewey's stroke, they retained three contiguous undeveloped parcels of land, containing 50.84 acres, 49.22 acres and 129.38 acres, respectively.  Record title to the 49.22-acre parcel, which lay between and separated the other two parcels, was in the names of Dewey and Lou Ann as tenants by the entirety.  Title to the other two parcels was in Dewey's name alone.

Lou Ann believed that it would be advantageous to unite the three parcels, vacating the boundary lines between them, to facilitate their sale to a developer as a single tract. Her opinion was that such a sale would incur capital gains

2

taxes at a 15% rate rather than income taxes at a 40% rate, which might arise from developing and selling individual lots.

Lou Ann consulted Glenn H. Goodpasture, a Fredericksburg attorney, who formed an entity called L&J Holdings, LLC (L&J) to accomplish her purpose. Lou Ann had also consulted R. Leigh Frackleton, Jr., Goodpasture's law partner, with respect to estate planning. Frackleton examined the real estate tax assessments on the three parcels and determined that the value of Dewey's interest was 80% of the whole. Upon Frackleton's recommendation, Goodpasture prepared an operating agreement constituting Dewey and Lou Ann as the sole members of L&J and establishing Dewey's membership interest at 80% and Lou Ann's membership interest at 20%. Lou Ann signed the operating agreement, on her own behalf and as attorney-in-fact for Dewey, on April 3, 2003.

By a deed dated June 18, 2003, which is the subject of this suit, Lou Ann conveyed the three parcels to L&J. The first paragraph of the deed reads:

> THIS CORRECTED DEED OF GIFT (exempt from recordation taxes pursuant to Virginia Code Section 58.1-811.A.10) [sic] made and entered into . . . by and between ADMIRAL DEWEY MONROE, JR. by his Attorney-in-Fact, LOU ANN MONROE, and LOU ANN MONROE, husband and wife, Grantors; and L&J HOLDINGS, L.L.C., a Virginia limited liability company, Grantee.

The deed recites that it was made to correct an erroneous description of the land contained in an earlier deed. It

3

recites that it is made: "[F]or and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration." The deed conveys the three parcels with General Warranty and English covenants.

After Dewey's death in 2004, his last will was admitted to probate. It devised all his property to Janet M. Ott (Janet), one of Dewey's and Lou Ann's four children. Janet qualified as Dewey's personal representative and brought this suit for a declaratory judgment against Lou Ann, L&J, and two unrelated entities that had contracted to purchase the land from L&J. Janet asked for a decree declaring Lou Ann's deed to L&J to be void ab initio. She contended that the deed was a gift, that it failed to comply with the requirements of Code § 11-9.5(C),* and that it was beyond the powers granted to Lou Ann by Dewey's power of attorney.

All parties, by agreement, submitted the case to the circuit court upon the pleadings, exhibits, depositions and argument. The court, by letter opinion, ruled that the deed, despite its misleading caption, was not in fact a deed of gift, and, because of ambiguity apparent on the face of the

---

* Code § 11-9.5(C) provides that an attorney-in-fact under a durable power of attorney may petition the circuit court for authority to make gifts of the principal's property in limited circumstances.

4

deed, parol evidence was properly received to determine the grantor's intent. The circuit court found from that evidence that there was a valid business purpose for the deed, and that the conveyance was supported by valuable consideration. The circuit court entered a decree denying the relief prayed for and dismissing Janet's suit. We awarded Janet an appeal.

## Analysis

### 1. Standard of Review

If the sole issues upon appeal were the legal effect of written documents, we would apply a de novo standard of review to the entire case. Jones v. Brandt, 274 Va. 131, 135, 645 S.E.2d 312, 314 (2007). In the present case, however, the parties stipulate that Dewey's durable power of attorney is "a valid and enforceable document in accordance with its terms and subject to all applicable laws." Here, the issues on appeal are whether the circuit court erred in admitting parol evidence to explain Lou Ann's purpose in executing the deed, and, if so, whether the evidence supported the court's finding of fact as to the parties' intent. The first of those issues involves a pure question of law, to which we apply a de novo standard of review. See, e.g., Pyramid Dev., L.L.C. v. D&J Assocs., 262 Va. 750, 753-54, 553 S.E.2d 725, 727 (2001). The second issue is one which requires us to affirm the trial court's finding unless it is apparent from the evidence that

5

it is plainly wrong or without evidence to support it.  Code § 8.01-680; Video Zone, Inc. v. KF&F Props., 267 Va. 621, 627, 594 S.E.2d 921, 925 (2004); Pyramid Dev., 262 Va. at 753, 553 S.E.2d at 727.

## 2. Parol Evidence

The venerable parol evidence rule requires a court to construe a document according to its plain terms if it is clear and unambiguous on its face.  In such a case, the court will not look for meaning beyond the instrument itself.  When a document is ambiguous, however, the court will look to parol evidence in order to determine the intent of the parties. Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 632, 561 S.E.2d 663, 667-68 (2002).  Janet argues that the deed in question, because it begins with the words "THIS CORRECTED DEED OF GIFT," is plainly and unambiguously a donation of the principal's property.  As such, she contends, the conveyance was beyond the authority of the attorney-in-fact for two reasons:  (1) No court approval of the gift was sought pursuant to Code § 11-9.5(C), and (2) the gift was expressly barred by the terms of the power of attorney or was self-dealing prohibited by law.

The language of an instrument is ambiguous

if it may be understood in more than one way or when it refers to two or more things at the same time. Such an ambiguity, if it exists, must appear on the

6

face of the instrument. In determining whether the disputed terms are ambiguous, we consider the words employed . . . in accordance with their usual, ordinary and popular meaning.

Video Zone, 267 Va. at 625-26, 594 S.E.2d at 923-24 (citations and quotation marks omitted).

The circuit court, considering the language on the face of the deed, found the recital "deed of gift" to be inconsistent with the code section recited in the deed to invoke an exemption from recordation taxes. Code § 58.1-811 (A)(10), referred to in the deed, provides a recordation tax exemption to limited liability companies "when the grantors are entitled to receive not less than 50 percent of the profits and surplus of such . . . limited liability company." A separate exemption is provided elsewhere for deeds of gift, where no consideration passes between the parties, by a different subsection, Code § 58.1-811(D). The circuit court also found the deed's recital of valuable consideration, as well as its conveyance with General Warranty and English Covenants, to be inconsistent with a gift. Because the deed could be read either as a deed of gift or as a conveyance for valuable consideration, the court found it to be ambiguous on its face and admitted parol evidence to resolve the ambiguity.

We agree with the circuit court's analysis. A gift has been defined as a contract without a consideration. Spooner

7

v. Hilbish, 92 Va. 333, 341, 23 S.E. 751, 753 (1895). Donative intent on the grantor's part is an essential element of a gift. Theismann v. Theismann, 22 Va. App. 557, 566, 471 S.E.2d 809, 813 (1996). All terms of the deed that were consistent with the grantor's receipt of valuable consideration were inconsistent with donative intent on her part. Because the deed could be understood in more than one way, the circuit court correctly decided that it was ambiguous and admitted parol evidence to resolve the ambiguity.

### 3. Findings of Fact

Mr. Goodpasture, the attorney who drafted the deed, testified: "My understanding of the reason for the document was to transfer the real estate from the owners of it to a limited liability company that was owned at least 50 percent by the owners, and I did not intend to prepare it as a gift and I did not include the gift section in the Code which also would have exempted it from recordation tax. But frankly, if I had focused on the [words] 'deed of gift' I would not have let it go out that way, but obviously, I wasn't focusing on it." Mr. Frackleton testified that he saw in Goodpasture's notes a suggestion that the interests of Dewey and Lou Ann in L&J were to be divided "60/40," but after examining the tax assessments on the three parcels of land, he determined that the value of Dewey's interest amounted to 80% of the whole,

8

and that their interests were ultimately set at "80/20" to reflect an accurate valuation of their respective contributions.

Lou Ann testified that she decided to form an LLC because she had read about such devices and thought "it fit us" mostly for "tax purposes and my ability." She also thought selling the land as a whole would be preferable to developing it and selling individual lots, and the LLC would be "a reasonable thing to do" to accomplish that purpose. The circuit court found from the evidence that the deed was not, in fact, a deed of gift despite its caption, that it was given for a valuable consideration and that the evidence showed no donative intent on Lou Ann's part. Rather, the court found, the transfer of the property was undertaken for legitimate business reasons and that Dewey and Lou Ann each received benefits, including possible future tax benefits, commensurate with their respective percentage interests, without any self-dealing on Lou Ann's part. The transaction was, therefore, within the powers granted by Dewey's power of attorney.

## Conclusion

Because the circuit court did not err in admitting parol evidence, and because there was credible evidence to support the court's findings of fact, we will affirm the judgment.

Affirmed.

9