386

# CIRCUIT COURT OF ROANOKE COUNTY

David L. Lemon,
Sheree H. Lemon,
and Lemon Enterprises, Inc.

v.

Thomas M. Hufford,
Hufford Insurance
and Investment Agency, Inc.,
and Ada D. Hufford,
jointly and severally

February 13, 2009

Case No. CL07-590

BY JUDGE ROBERT P. DOHERTY, JR.

David Lemon, his wife, Sheree Lemon, and Lemon Enterprises, Inc., Plaintiffs, sued Thomas Hufford, his wife, Ada Hufford, and Hufford Insurance and Investment Agency, Inc., Defendants, jointly and severally, claiming breach of contract, and/or in the alternative, unjust enrichment. The Defendants filed a demurrer to both counts and argue that Plaintiffs' pleadings state that Defendants breached an express contract and that, if an express contract actually exists, Plaintiffs' unjust enrichment claim must fail because unjust enrichment is a quasi-contractual theory existing only in the absence of an express contract. Defendants further argue that the express contract, which was attached as an exhibit to Plaintiffs' pleadings, alleges only a contract with Hufford Insurance and Investment Agency, Inc., and therefore the claims against Thomas Hufford and his wife Ada Hufford must be dismissed. Plaintiffs respond that the express contract in count one binds all of the

Defendants and that the unjust enrichment count is an alternate claim to be used as a fall back position if the Court finds that an express contract does not exist against one or more of the Defendants.

## Demurrer

A demurrer tests the legal sufficiency of the factual allegations to determine whether the pleading states a cause of action. *Ogunde v. Prison Health Servs., Inc.*, 274 Va. 55, 65 (2007). A demurrer "admits the truth of the facts contained in the pleadings to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations." *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 102 (2001). On a demurrer, the Court may also consider any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16 (1991). In other words, if a party could obtain judgment simply by proving what he has alleged, a demurrer fails.

## Breach of Contract

Plaintiffs' breach of contract claim alleges that defendant Thomas Hufford signed some promissory notes and defendant corporation signed some additional promissory notes, each note being proof of a debt for funds they individually borrowed from Plaintiffs. At a later date, a novation occurred whereby all of the individual debts owed by Thomas Hufford, and the individual debts owed by defendant corporation, were consolidated into two new notes signed "Hufford Ins. & Inv. Agency, Inc., Thomas M. Hufford, President." Their new agreement was evidenced by a written contract signed by defendants Thomas Hufford and Ada Hufford and by plaintiffs David Lemon and Sheree Lemon.

Plaintiffs allege that the new notes and new contract, all of which are attached to their pleading, when construed as Plaintiffs reads them, constitute an express contract that all of the defendants have breached. Defendants argue that the proper construction of the new notes and written contract is that they bind only defendant Hufford Insurance and Investment Agency, Inc. Defendants conclude, therefore, that the demurrer should be granted as to defendants Thomas Hufford and Ada Hufford.

Needless to say, from the arguments of counsel and from a review of the written contract itself, the Court finds that writing to be ambiguous. When a contract is ambiguous, the court will look to parol evidence in order to determine the intent of the parties. *Ott v. L & J Holdings, L.L.C.*, 275 Va. 182,

189 (2008). It is up to the finder of fact to determine the meaning of such a contract. Accordingly, because it is necessary for the trier of fact to hear evidence in order to construe the contract and determine whether the Plaintiffs can prove what they have alleged, the demurrer to this count must fail. See *Greater Richmond Civic Recreation, Inc. v. A. H. Ewing's Sons, Inc.*, 200 Va. 593, 596 (1959).

### Unjust Enrichment

The Court sustains Defendants' demurrer on the claim alleging unjust enrichment because that count incorporates the factual claim of the existence of an express contract. In Virginia, if there is an express contract existing between the parties, the law will not imply a different contract. It is only in the absence of such an express contract that the theory of quasi-contract and quantum meruit combine to create a fictitious contract implied by the law. That is done in order to prevent an unjust enrichment. *Ellis v. Hubbard*, 123 Va. 481, 501-02 (1918). For a similar result, see Judge Apgar's recent opinion in the Roanoke City Circuit Court case of *Odyssey Imaging, L.L.C. v. Halifax Heart Center, P.C.*, CL08-396, dated February 4, 2009. Plaintiffs' oral argument, which was not reflected in their written pleading, was that it was their intent to proceed on a claim of unjust enrichment only if the Court found that an express contract did not exist with regard to one or more of the individual defendants. Alternative counts in a complaint are permissible, pursuant to Virginia Supreme Court Rule 1:4(k), in that "[a] party may . . . state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds." Accordingly, Plaintiffs may file an amended complaint within twenty-one days of the date of this letter opinion, in keeping with their oral argument.