**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1764**

WILLIAM E. CAMPBELL,

              Plaintiff - Appellant,

         v.

PETE GEREN, Acting Secretary, Department of the Army,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Leonie M. Brinkema, District Judge.  (1:07-cv-00675-LMB-JFA)

Submitted:  November 12, 2009      Decided:  November 30, 2009

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William E. Campbell, Appellant Pro Se.   R. Joseph Sher, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff William E. Campbell appeals the district court's order dismissing his Amended Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to e-17 (2006). Campbell raised nine claims in his action before the district court: that his supervisor, Colonel Charles McMaster, created a hostile work environment at Fort Lewis from November 2003 through February 2005 (Count 1); McMaster effected the illegal removal of Campbell from his employment on account of his race (Count 2); McMaster initiated an investigation of Campbell on account of his race (Count 3); Campbell's twenty-eight day suspension violated his due process rights (Count 4); the agency investigator discriminated against Campbell on account of his race in recommending termination for sexual harassment (Count 5); Campbell's twenty-eight day suspension for sexual harassment was imposed to retaliate against him because he filed an Equal Employment Opportunity ("EEO") claim (Count 6); and appealed a proposed five-day suspension (Count 7); after Campbell was removed from Fort Lewis, McMaster acted to prevent Campbell from obtaining other employment on account of his race (Count 8); the United States Army violated his due process rights in withholding and refusing to disclose evidence in Campbell's favor (Count 9). In dismissing Campbell's complaint, the district court found that

2

Campbell failed to exhaust his administrative remedies regarding Counts 1, 2, and 8, and that the remaining counts were barred by a settlement agreement Campbell signed with the Army, disposing of sexual harassment claims raised against Campbell and suspending him for nineteen days. Campbell filed a timely appeal.

On appeal, Campbell first alleges that Counts 1, 2, and 8 were made known to the Army in 2004, and the Army failed to properly investigate them. Therefore, Campbell requests that "timeliness statutes . . . be tolled and all claims adjudicated on the merits in District Court." Next, Campbell asserts that the settlement agreement only pertained to those issues "relevant" to the appeal of his recommended twenty-eight day suspension for sexual harassment to the Merit Systems Protection Board ("MSPB"), and therefore the settlement did not bar the remaining Counts of his complaint, as they were not relevant to his appeal. Additionally, Campbell asserts that the district court erred in disallowing the use of parol evidence to interpret the settlement agreement following its finding that the agreement was not ambiguous. We affirm.

We review a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Philips v. Pitt. County Memorial Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). In so doing, we accept all well-pleaded factual allegations as

3

true, and view the complaint in the light most favorable to the plaintiff.  Id. at 180.  In order to survive a motion under Rule 12(b)(6), a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

### I. Counts 1, 2, and 8

"Title VII of the Civil Rights Act of 1964 creates a right of action for both private-sector and certain federal employees alleging employment discrimination on the basis of race, color, religion, sex, or national origin."  Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006).  However, prior to utilizing this right of action, all employees must first exhaust their available administrative remedies.  Id.  In the context of a federal employee, this requires that the employee consult an agency EEO counselor within forty-five days of the discriminatory act to try to informally resolve the matter.  See 29 C.F.R. § 1614.105(a)(1) (2008).

Here, it is clear that the district court did not err in dismissing Counts 1, 2, and 8 for Campbell's failure to exhaust his administrative remedies.  Though Campbell now asserts that he spoke with EEO counselors and various agency

4

representatives about the hostile work environment created by McMaster, the record and pleadings are bereft of any reference to such conversations, and Campbell fails to allege that he actually filed a complaint with the EEO office. Though Campbell cites to two documents in support of his contentions — specifically, an "EEO Counselor Report of Inquiry dated July 13, 2004" and "AR 15-6 Findings dated June 3, 2005" — it is apparent from the dates of these documents that they relate to the Army's investigations of sexual harassment complaints against Campbell, and not complaints lodged by Campbell. Accordingly, because Campbell failed to allege in his complaint that he met with an EEO counselor to attempt to informally resolve his grievances concerning the alleged hostile work environment, the district court did not err in granting summary judgment on Counts 1, 2, and 8.

## II. Remaining Counts

Campbell next asserts that the district court erred in determining that the remaining counts of his complaint were barred by his settlement agreement. The settlement contained the following pertinent language limiting Campbell's right to further challenge issues disposed of by the agreement: "Employee agrees to waive all grievance and appeal rights, including appeals to the . . . [MSPB]. In addition, the

employee agrees to waive all . . . [EEO] rights related to the relevant issues of MSPB Appeal Docket No., PH-0752-07-0011-I-1." Campbell contends that, because the MSPB settlement only disposed of issues "relevant" to the appeal of his suspension, the settlement did not bar his discrimination or due process claims. Additionally, Campbell contends that the district court erred in finding that the terms of the settlement were not ambiguous, and therefore disallowing the use of parol evidence to determine issues "relevant" to the appeal.

First, even if Campbell's assertions are correct, his due process claims (Counts 4 and 9) are barred by the settlement agreement. Regardless of whether the second sentence of paragraph ten, waiving Campbell's EEO rights, is ambiguous, the first sentence, waiving all grievance and appeal rights, is not. As Campbell's due process claims do not concern discrimination, Counts 4 and 9 are barred by the settlement agreement.

"[S]ettlement agreements are treated as contracts subject to the general principles of contract interpretation." Byrum v. Bear Inv. Co., 936 F.2d 173, 175 (4th Cir. 1991). Where a contract is clear and unambiguous on its face, courts must interpret the contract according to the plain meaning of its terms. Ott. v. L & J Holdings, LLC, 654 S.E.2d 902, 905 (Va. 2008). In such an instance, courts do not look for meaning beyond the contract itself. Id. However, where a document is

6

ambiguous, courts may look to parol evidence in order to ascertain the intent of the parties.  Id.

Assuming without deciding that the district court erred by finding that the settlement agreement was not ambiguous, and therefore should have permitted the use of parol evidence to ascertain the "relevant issues" of the appeal, it is clear that Campbell's remaining claims were resolved as part of the settlement agreement.  The relevant issues of the MSPB hearing are specifically delineated in a November 27, 2006 "Memorandum on Prehearing Conference."  The memorandum clearly sets out the issues relevant to the MSPB appeal:  (1) whether the charges against Campbell can be sustained; (2) "whether the action promotes the efficiency of service;" (3) "whether the penalty was reasonable;" (4) whether the investigation pursuant to Army Regulation 15-6 (the "AR 15-6 investigation") against Campbell was proper or resulted in procedural error; and (5) whether the twenty-eight day suspension was in reprisal for Campbell's appeal of his original proposed five-day suspension and the ADR resolution of Campbell's unrelated discrimination claim.  After reviewing Campbell's remaining claims that he asserts were erroneously dismissed, it is apparent that even had the district court permitted the introduction of parol evidence to clarify the terms of the settlement agreement, no conclusion could be reached other than that the parties entered these

7

remaining claims to be fully and finally resolved by the administrative settlement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED