# CIRCUIT COURT OF THE CITY OF ROANOKE

Alan Barry Cole,
Executor of the Estate of
Aaron Jethro Cole,
deceased

v.

Norfolk Southern Ry. Co.

March 4, 2016

Case No. CL 12-137

BY JUDGE CHARLES N. DORSEY

The Defendant, Norfolk Southern Railroad Co. ("Norfolk Southern"), filed a plea in bar in response to the Plaintiff, Alan Cole, Executor of Aaron Cole's Estate ("The Estate"), having filed a complaint. The Court heard argument on October 21, 2015. After reading the submitted briefs, researching, and analyzing relevant case law, the Court grants Defendant's Plea in Bar for the reasons set out below.

## Facts

The matter before the Court originates from Aaron Cole's first lawsuit against Norfolk & Western. The Norfolk & Western Ry. Co. is the predecessor of the Norfolk Southern Ry. Co. After the first lawsuit was concluded, Aaron Cole passed away. In that lawsuit, the decedent asserted that, due to Norfolk & Western's negligence and statutory violations, he had suffered from extreme nervousness, mental anxiety, and fear of contracting mesothelioma, lung cancer and/or other cancers, and other conditions caused by the exposure to harmful and toxic dust and/or conditions. Motion for Judgment ¶ 19, *Cole v. Norfolk & Western Ry.*, CL 96-1198 (filed 1996). He sought relief under the Federal Employers' Liability Act ("FELA") and/

or the Boiler Inspection Act. Those claims were settled, and the parties executed a release on May 31, 2000.

The May 2000 release forever discharged Norfolk Southern from all liability for claims or actions related to pulmonary-respiratory occupational diseases and other known injuries that included increased risk of cancer, fear of cancer, and any and all forms of cancer, including mesothelioma. The decedent, by signing and initialing each page, stated that he was of sound mind, understood the release, was not under restraint or duress in executing the release, and was represented by counsel.

The Plaintiff, asserting largely the same facts, now seeks relief for the decedent's unfortunate death on November 14, 2010, due to lung cancer. The Estate, as before, attributes the decedent's death to Norfolk Southern's negligence.

## Issue

Under FELA, does an executed release concluding the first lawsuit and releasing all future claims bar a second lawsuit based substantially on the same facts?

## Analysis

Whether to grant or deny Norfolk Southern's plea in bar hinges on two independent determinations: first, whether cancer was a known and existing controversy at issue in the decedent's first lawsuit against Norfolk Southern; and second, whether cancer was contemplated by the decedent in the release of his claims in 2000.

A plea in bar reduces litigation to a single distinct issue which, if proven, bars the plaintiff's recovery. *Tomlin v. McKenzie,* 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). The burden of proof lies with the moving party. *Id.* at 884; *Whitley v. Commonwealth,* 260 Va. 482, 493, 538 S.E.2d 296, 302 (2000).

The purpose of FELA is to hold negligent employers responsible for the injuries suffered by employees. *Babbitt v. Norfolk & W. Ry.,* 104 F.3d 89, 91, 1997 U.S. App. LEXIS 13, \*\*6 (6th Cir. 1997). Federal and state courts have concurrent jurisdiction over claims controlled by FELA. *Aswad v. Norfolk Sou. Ry.,* Law No. 04-2536, 2006 Va. Cir. LEXIS 43, at \*18 (April 18, 2006) (citing U.S.C. § 56) (overruling Norfolk Southern's Plea in Bar because the court found that 45 U.S.C. § 55 did not permit a railroad to obtain a release from an employee for unknown claim or risk). State courts are bound by decisions from the United States Supreme Court in construing federal law, but decisions from lower federal courts are only persuasive. Thus, the Court's analysis must be appropriate and comport with decisions from the United States Supreme Court. *Jaqua v. Canadian Nat'l RR.,* 274 Mich. App. 540, 546-47, 734 N.W.2d 228, 231-32 (2007).

Releases of claims under FELA are controlled by federal law. *Davison v. Norfolk Sou. Ry.*, CL 02-36, 2003 Va. Cir. LEXIS 72, at *4 (June 6, 2003). Any contract, rule, regulation, or device that has the purpose of allowing a common carrier to exempt itself from liability created by FELA is void. However, under FELA, a release may be valid if FELA reflects a bargained-for exchange. *Babbitt,* 104 F.3d at 91, 1997 U.S. App. LEXIS 13 at *6. A full compromise that enables the parties to settle their dispute without litigation does not contravene FELA. *Boyd v. Grand Trunk Western RR.*, 338 U.S. 263, 266, 70 S. Ct. 26, 28, 94 L. Ed. 55 (1949).

In Virginia, releases are generally governed by the intent of the parties. *First Sec., F.S.B. v. McQuilken,* 253 Va. 110, 113, 480 S.E.2d, 485, 487 (1997). The intent of the parties is expressed by the terms of the writing. *Baum v. Whitehorse Marine, Inc.,* 46 Va. Cir. 527, 531, 1996 Va. Cir. LEXIS 517, 9 (Dec. 26, 1996) (citing *Lemke v. Sears, Roebuck & Co.,* 853 F.2d 253, 255, 1988 U.S. App. LEXIS 10646, 4 (4th Cir 1988)). If the intent of the parties is readily ascertainable from the unequivocal terms of the agreement, the parties' agreement will be enforced as written. *Wilson v. CSX Transp.,* 1994 U.S. Dist. LEXIS 21186, at *4 (1994) (citing *Panichella v. Pennsylvania RR.*, 268 F.2d 72 (3d Cir. 1959) cert. denied, 361 U.S. 932, 4 L. Ed. 2d 353, 80 S. Ct. 370 (1960); *Loose v. Consolidated Rail Corp.,* 534 F. Supp. 260, 263-64 (E.D. Pal 1982); *Virginia Impression Products Co. v. SCM Corp.,* 448 F.2d 262, 265-67 (4th Cir. 1971), cert. denied 405 U.S. 936, 92 S. Ct. 945, 30 L. Ed. 2d 811 (1972)). The party who attacks the release must show that the release is tainted with invalidity. *Callen v. Pennsylvania RR.*, 332 U.S. 625, 68 S. Ct. 296, 298, 92 L. Ed. 242 (1948). Generally, the party that attacks the release must show that he was defrauded, there was inadequate consideration, or there was a mutual mistake of fact. *Wilson,* 1994 U.S. Dist. LEXIS 21186, at *4.

Releases for known injuries are acceptable. *Babbitt,* 104 F.3d at 93, 1997 U.S. App. LEXIS 13 at **12. *See Aswad,* 2006 Va. Cir. LEXIS 43, at *66. However, there is no established controlling test to determine the effects of a release under FELA. *See Aswad,* 2006 Va. Cir. LEXIS 43, at *39. Courts have extensively analyzed releases, such as the one before the Court, under the tests established in *Babbitt v. Norfolk & Western* and *Wicker v. Conrail.* The two tests developed under these cases are the bright line approach and the appreciation of risk of harm test. The Estate's claims do not prevail under either test.

### The Bright Line Approach

Both parties rely on *Babbitt v. Norfolk & Western Railway,* a case from the United States Court of Appeals for the Sixth Circuit. The central issue presented to the Sixth Circuit in *Babbitt* was whether 45 U.S.C. § 55, prohibited Norfolk & Western from absolving itself of liability for FELA claims through the execution of a general release. *Babbitt,* 104 F.3d at 91,

1997 U.S. App. LEXIS 13 at **11-12. 45 U.S.C. § 55 states that any contract attempting to exempt a carrier from liability created by FELA is void. The Sixth Circuit held that a release must reflect a bargained-for settlement of a *known specific injury* and that FELA is not offended when there is a compromise of a claim of liability that settles known injuries. *Id.* at 93, 1997 U.S. App. LEXIS 13 at **12 (emphasis added). Under FELA, claims accrue when the claimant knew or should have known with reasonable diligence of both the latent injury and its work-related cause. *Voytko v. Conrail,* No. 94-4240, 1996 U.S. App. LEXIS 22157, at 5 (citing *Townley v. Norfolk & W. Ry.,* 887 F.2d 498 (4th Cir 1989); *Fries v. Chicago & Northwestern Transp. Co.,* 909 F.2d 1092, 1094 (7th Cir. 1990)).

The bright line approach analyzes: (1) whether there had been a bargained-for settlement between the parties; and (2) whether the Defendant has attempted to escape liability. *Babbitt,* 104 F.3d at 93, 1997 U.S. App. LEXIS 13 at **11-12. The Estate argues that there was no bargained-for settlement under *Babbitt,* and that cancer was not an existing controversy in decedent's first lawsuit. In support of its argument the Estate states that the money received by the decedent was not consistent with settlement values for someone with cancer. Norfolk Southern argues that the release is valid under *Babbitt* because the decedent sought recovery for cancer in his original lawsuit. In other words, he understood the nature of the claim and knowingly released this claim.

The plaintiffs in *Babbitt* executed a general release with Norfolk & Western which released it from all known and unknown claims of the plaintiffs. *Id.* at 91, 1997 U.S. App. LEXIS 13 at **6. The plaintiffs there argued that the release was unenforceable because it contravened 45 U.S.C. § 55. *Id.,* 1997 U.S. App. LEXIS 13 at **7. The Sixth Circuit reversed and remanded the case to the district court. *Id.* at 93, 1997 U.S. App. LEXIS 13 at **13.

The Supreme Court of Virginia has held that a contract without consideration is a gift. *Sfreddo v. Sfreddo,* 59 Va. App. 471, 485, 720 S.E.2d 145, 152 (2012) (citing *Ott v. L&J Holdings, L.L.C.,* 275 Va. 182, 188, 654 S.E.2d 902, 905 (2008)). In analyzing the release before the Court here, the decedent agreed to give up all rights to pursue claims against Norfolk Southern. Specifically, Aaron Cole agreed not to pursue claims arising out of pulmonary-respiratory occupational diseases, Which included the increase risk of cancer, the fear of cancer, any and all forms or cancer. In exchange for making this promise, Norfolk Southern agreed to pay the decedent for the injuries he received while employed with the company, thus showing the bargained-for settlement between the parties.

Plaintiff's counsel argues that the amount of the settlement was too low for a release of cancer but reflected an amount that was standard for the release of an asbestos claim. Pl.'s Resp. & Opp. to Def. Norfolk S. Ry. Co.'s Supp. Brief in Support of Plea in Bar, pp. 5-6, *Cole v. Norfolk Southern*

*Ry.*, CL 12-137, (filed January 23, 2012). Courts do not inquire into the adequacy of consideration unless the inadequate consideration shocks the conscience of the court. *Jessee v. Smith*, 222 Va. 15, 18, 278 S.E.2d 793, 795 (1981) (citing *Jackson v. Seymour*, 193 Va. 735, 741, 71 S.E.2d 181, 185 (1952)).

Here, in consideration for the decedent's promise to release his claims, Norfolk Southern paid the decedent $20,000. Although, plaintiff's counsel believes the sum is inadequate for a person who would eventually face cancer, the decedent received payment. The settlement amount to which the decedent independently and voluntarily agreed is not so inadequate as to shock the conscience. Beyond merely stating that the payment was inadequate, the Plaintiff has failed to prove its inadequacy as a matter of law, and thus Plaintiff's consideration argument fails.

In addressing the second part of the bright line approach, the Court finds that Norfolk Southern has not attempted to escape liability for the decedent's injuries. In the first lawsuit, it was the decedent who put forth claims regarding the fear of and risk of developing cancer. The decedent, with the advice of counsel, agreed to release Norfolk Southern from those claims and any future claims. The current claim against Norfolk Southern has already been contemplated, acknowledged, and pursued by the decedent in the first lawsuit. Allowing this claim to continue would not only be duplicative, cumulative, and a misuse of judicial resources, but it would also be an inequitable miscarriage of justice.

### Appreciation of Risk of Harm

A release, such as the one at issue here, is also valid if the employee executing the release knows of the injuries he is releasing and comprehends their future repercussions. *Wicker v. Conrail*, 142 F.3d 690, 702, 1998 U.S. App. LEXIS 8310 at *36 (3d Cir. 1988).

The plaintiffs in *Wicker v. Conrail* brought suit under FELA alleging various injuries resulting from their exposure to hazardous and toxic substances during the course of their employment with Conrail. Conrail moved for summary judgment stating that the plaintiffs' previous releases barred their recovery. *Wicker*, 142 F.3d at 694, 1998 U.S. App. LEXIS 8310 at **10. On appeal from the district court, the plaintiffs argued that their releases were unenforceable under § 5 of FELA, as codified in 45 U.S.C. § 55. They stated that they were unaware of either their injuries or the causes of those injuries at the time the releases were executed. *Id.* at 695, 1998 U.S. App. LEXIS 8310 at **12-13. The United States Court of Appeals for the Third Circuit reversed and remanded the case back to the district court because the plaintiffs were not aware of the risks associated with the various chemicals they were exposed to during their employment with Conrail. The *Wicker* court held that § 5 of FELA allows employers to

negotiate releases to those risk that are known at the time by the parties. *Id.* at 702, 1998 U.S. App. LEXIS 8310 at \*\*36.

In contrast to *Wicker*, the Court finds that, in the present case, the decedent signed the release; he had contemplated his injuries; he knew of the possible future effect's of his injuries; and he was ready and willing to release Norfolk Southern from those claims in exchange.

In his original complaint, the decedent stated that, because of the railroad's failures and negligence, he suffered from "mental anxiety and fear of contracting mesothelioma, lung cancer, or any other type of cancer," and faced an "increased risk of contracting mesothelioma, lung cancer, or any other type of cancer." Motion for Judgment ¶ 19, *Cole v. Norfolk & Western Ry.*, CL 96-1198 (filed 1996). The very fact that the decedent alleged these claims demonstrates that he knew and was aware of the risk of developing cancer.

Furthermore, in his release, the decedent agreed to release and forever discharge Norfolk Southern from all liability for all claims or actions for pulmonary-respiratory occupational diseases and other known injuries which included an increased risk of cancer, fear of cancer, and any and all forms of cancer which included mesothelioma. The decedent initialed this page and signed the last page of the document, making his knowledge and understanding transparent to any person who read the document. In sum, Norfolk Southern has proved that the decedent was aware of and appreciated the risk of harm associated with his employment at the time of the release.

### *Conclusion*

The decedent clearly knew and appreciated the possible future effects of his exposure to toxic conditions, and the issues of fear and risk of developing cancer were existing controversies throughout the first lawsuit and release. For these reasons, the Court hereby grants Norfolk Southern's plea in bar.