# Richmond

S. W. HARLESS AND BEATRICE HARLESS v. J. W. MALCOLM AND JULIA MALCOLM.

June 13, 1955.

Record No. 4371.

Present, All the Justices.

The opinion states the case.

*M. E. Burson* and *Ralph H. Brumet*, for the appellants.

*Warren & Warren*, for the appellees.

MILLER, J., delivered the opinion of the court.

This suit in equity was brought by S. W. and Beatrice Harless

against J. W. and Julia Malcolm to enjoin them from using a road or lane that crosses land owned by complainants. Defendants claimed that they enjoyed an easement in the road over complainants' land as a means of ingress and egress between their land and a public highway, known as the Benham road.

Part of the evidence submitted to the court was in deposition form and part was heard *ore tenus* by the trial judge. The court found that complainants' and defendants' tracts of land stemmed from a common source, that both had been parts of a much larger tract once owned by Conrad Sharrett, that upon division of that tract many years ago, an easement of ingress and egress over complainants' land had been created in favor of the tract of which defendants' land was then a part and that the easement was appurtenant to their land. From a decree putting this finding into effect, refusing the relief prayed for, and dismissing the bill, complainants appealed.

The burden was upon complainants to prove their right to the injunctive relief sought, but the trial court denied the injunction and its decree is presumptively correct. The burden of showing that it is erroneous is upon the complainants. It should be affirmed if supported by substantial and credible evidence. *Ashby* v. *Dumouchelle*, 185 Va. 724, 40 S. E. (2d) 493; *Klingstein* v. *Eagle*, 193 Va. 350, 68 S. E. (2d) 547.

Complainants alleged in their bill that their tract of land and the tract on which defendants reside had never been "parts of the same body of land"; but the evidence definitely established that Conrad Sharrett, who died in 1890, was at that time the owner of a 600-acre tract which included complainants' and defendants' lands. This large tract was bounded on the south and east by the Benham road and on the north and west by an old road which became unusable and was abandoned many years ago, though the year that it was abandoned is not shown.

By his will Conrad Sharrett divided his 600 acres into several smaller tracts, the northerly of which, bordering on the old and now unused road and containing 109½ acres, he devised to his son, Robert W. Sharrett. The eastern 108 acres, bounded on the east and south by Benham road, which included the tract now owned by defendants, was devised to his son, William R. Sharrett. A tract containing 97 acres located to the west of William R. Sharrett's 108 acres and bounded on the south by the Benham road was

devised to his daughter Mary Ann Crowell. The remainder, of some 300 acres more or less, was laid off in tracts of similar size and left to three other persons.

The tract of land now owned by complainants consists of about 25 acres, bounded on the south by Benham road. It was purchased by them on March 28, 1946, from L. K. Pippin, who, by successive conveyances, had acquired the 97 acres devised to Mary Ann Crowell and also four acres or more of the Robert W. Sharrett tract. The tract owned by the Malcolms and upon which they reside contains 33 acres and was conveyed to defendants on May 1, 1946, by A. G. Osborne, a successor in title to William R. Sharrett. It lies northeast of and adjoins the tract owned by complainants, but does not extend to the Benham road, nor does it touch the old abandoned road at any point. There is no outlet from it to a public highway other than over this road or lane southward to the Benham road.

The road or lane, in which defendants claim an easement, extends in a northerly and southerly direction, and its northern terminus is a considerable distance northward from defendants' tract. Stated otherwise, it extends in a southerly direction from a dead end some distance north of defendants' home, intersecting or bordering properties owned by other parties, to defendants' 33 acres and through the westerly part of that tract to complainants' land and then for a distance of about 800 feet through the southeastern corner of their tract to the Benham road. Some seven or eight families who have acquired parcels of land north of that owned by defendants use this road as their only means of ingress and egress to the public road. In doing so all necessarily pass through defendants' tract of land and thence on southwardly through complainants' tract and so gain access to the public highway. In fact, J. W. Malcolm has for the last seventeen years owned another tract of land of about 25 acres which was at one time a part of the land devised to Robert W. Sharrett. It lies north of defendants' tract of 33 acres, and complainants concede that in going to and from this 25 acres, defendants enjoy an easement along this road as do other parties who are successors in title to portions of the Robert W. Sharrett tract. But complainants say that the right of these landowners to use the road exists because Robert W. Sharrett purchased an easement in this road about 1909, which, however, complainants contend was solely for the benefit of the 109½ acre tract. There is a deed dated February

26, 1938, from Harry Sharrett (a son of Robert W. Sharrett), and wife to J. E. Henderson and wife, conveying a tract of three acres, in which an easement over this road is granted. In that deed it is stated that Robert W. Sharrett died in 1915, and that in 1909 he acquired an easement appurtenant to his tract of land from Edward T. Large and R. N. Crowell, which allowed ingress and egress to the public road. Edward T. Large had purchased the William R. Sharrett tract in 1904, and R. N. Crowell was the successor in ownership to the tract of 97 acres. Yet there is no deed of record granting an easement to Robert W. Sharrett, and no witness testified that he had ever seen any such instrument. One witness did say that she had heard that Robert W. Sharrett acquired an easement in the road in an agreement with the Crowells, then owners of the 97-acre tract and with Edward T. Large who purchased the William R. Sharrett tract in 1904. Yet she did not know its scope, to what land it was limited, or what reciprocal rights, if any, the parties thereto acquired though she said it was for the use of all the land.

Robert Mumpower, seventy-eight years of age and a grandson of Conrad Sharrett, testified that though he could not remember when the road was first opened to travel, he did recall that it had been used since about 1902 or 1903 as a means of passage from the backlying Sharrett land southwardly to Benham road. He further said that the right of all the parties residing along this road to use the same was recognized by Mary Ann Crowell to whom Conrad Sharrett had devised one tract and by Edward T. Large who acquired the tract devised to William R. Sharrett.

Defendant J. W. Malcolm said that to his knowledge the road had been generally used for thirty-five years and that S. W. Harless used it and traveled through defendants' lands in going to and from the property of other parties who lived north of complainants and defendants. He and others also testified that the several landowners served by the road had worked it and kept it in a usable condition.

In addition to this testimony as to the road's long and uninterrupted use, Conrad Sharrett's will shows that in laying out and describing several of the tracts devised, testator made reference to a road. From the location and dimensions of the tracts, and the distances, calls and lines used to describe and separate those willed to Mary Ann Crowell, Robert W. Sharrett and William R. Sharrett, it may be reasonably concluded that the road there referred to is

the one now in question. The division made of the 600 acres and the testator's reference to the road not only show that it was then in existence, but tend to show that it intersected or bordered those tracts in places.

"An easement may also be implied in favor of property bequeathed to a devisee and against property bequeathed to another devisee by the same will, but whether or not the implication will be made depends upon the intent of the testator. It appears that the physical facts in respect of the location, possession, and use of the properties have a bearing in determining the testator's intent." 17 Am. Jur., Easements, § 36, p. 949. *Hoepker* v. *Hoepker*, 309 Ill. 407, 141 N. E. 159; 34 A. L. R. 227; *Elliott* v. *Rhett*, 5 Rich. Law 405, 57 Am. Dec. 750, and note; see *Scott* v. *Moore*, 98 Va. 668, 37 S. E. 342.

It is most reasonable to presume that in dividing his large tract of land among his several children and devisees, testator did so with a view to the character of the land and the location of the several tracts with reference to a usable road. Due to the rugged terrain, the use of this road was important to the beneficial enjoyment of the several tracts of land given to three of his devisees.

Since 1904, Edward T. Large, who then acquired the 108 acres devised to William R. Sharrett, has used the road as have his grantees who thereafter purchased part of his tract. Those who acquired parts of the more northerly tract devised to Robert W. Sharrett have used the road though no grant of an easement to Robert W. Sharrett is of record.

The only means of ingress and egress that defendants have to their home tract of 33 acres or to their more northerly tract of 25 acres in this somewhat mountainous area, intersected as it is in places by ravines and hollows, is over and along this road. It is also the only means of ingress and egress offered the several landowners who reside north of defendants' home to a public road, and complainants have used the road since acquisition of their tract as a means of travel to tracts of land to their north.

No protest was ever made by complainants or any other owners of the tracts of land that had been devised by Conrad Sharrett about the use of the road until some personal differences recently arose between complainants and defendants. Even then the right of defendants to use the road as appurtenant to their northernmost tract of land was not questioned.

The evidence to prove that this road was apparent and that it had been in use for any certain time or was reasonably necessary for the beneficial enjoyment of the several tracts of land at the time that Conrad Sharrett divided and willed the 600 acres to his several devisees is meager and may not establish an easement by necessity. *Jennings* v. *Lineberry*, 180 Va. 44, 21 S. E. (2d) 769; *Muse* v. *Gish*, 114 Va. 90, 75 S. E. 764; 1 *Minor*, Real Property (2d ed.), § 98. But we need not decide the question of whether or not an easement of necessity over the 97-acre tract in favor of the William R. Sharrett tract of 108 acres was intended by the testator or created in the division of his estate. The evidence is ample to sustain the finding and complainants concede that an easement along this road was actually granted in 1909 in favor of one tract of land bordering thereon, though the instrument creating it was never recorded. Complainants now claim that the Robert W. Sharrett tract of 109½ acres was the sole dominant estate in this admitted grant. Yet the action of the landowners along the road, including that of complainants, show that they all construed the easement as beneficial to the three tracts of land of 109½ acres, 108 acres, and 97 acres, which were then owned respectively by Robert W. Sharrett, Edward T. Large and R. N. Crowell.

All parties who have acquired property along this road's entire length of some three-fourths of a mile, who were successors in title to those three owners, have used it at will as a means of access to the public highway. Whether this right of general use by the owners of all tracts of land along this road was recognized and appurtenant to the several tracts when willed by Conrad Sharrett is not now important. The facts show that a reciprocal easement appurtenant to these three tracts was created by grant and agreement of the owners in or about the year 1909 and has been continually exercised since that date. This being true, it necessarily follows that an easement of ingress and egress appurtenant to and for the benefit of defendant's tract exists along the road, and the relief prayed for by complainants was rightly refused. The decree of the trial court will be affirmed.

*Affirmed.*