PRESENT:  All the Justices

HENRY ANDERSON, JR., ET AL.

v.   Record No. 082416                        OPINION BY
                                    JUSTICE BARBARA MILANO KEENAN
                                          September 18, 2009
MICHAEL D. DELORE, ET AL.

                FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                     James W. Updike, Jr., Judge

     In this appeal, we consider whether the circuit court erred in

refusing to issue an injunction requiring the owners of certain real

property with frontage on Smith Mountain Lake to remove from their

land a dock and beach area located within the alleged "extended lot

lines" of an adjacent landowner's property.

     Henry Anderson, Jr. and Linda W. Anderson own a parcel of land

(the Anderson lot) that lies immediately above the 800-foot contour

of Smith Mountain Lake in Bedford County.  Michael D. Delore and

Deborah Fountain-Delore own property (the Delore lot) that is

adjacent to the Anderson lot and also lies immediately above the 800-

foot contour.

     These two parcels derive from a common grantor, the Villamont

Corporation (Villamont), which in 1958 purchased about 140 acres of

real property on Smith Mountain Lake for the development of a

subdivision known as Gross Point.  As part of this development,

Villamont retained ownership of the land below the 800-foot contour

but conveyed to Appalachian Power Company (the company) a flowage

easement so that the company can change the level of the water in

Smith Mountain Lake, up to the 800-foot contour, as needed for the operation of a power station.

Villamont later conveyed by separate deeds (the Villamont deeds) the two lots at issue to the predecessors in interest of the Andersons and the Delores. The Villamont deeds were recorded in the Bedford County land records and included the following provision:

> There is also granted and conveyed hereby an easement of right of way appurtenant to the aforesaid lot <u>over and across the strip of land lying immediately between the lot herein conveyed and Smith Mountain Lake for the purpose of securing access to Smith Mountain Lake from the aforesaid property</u>. (emphasis added)

All later deeds in the chain of title of the Anderson lot contained substantially identical language. Thus, when the Andersons purchased their lot in 2001, their deed expressly conveyed to them a right of way over the "strip of land lying immediately between [the Anderson lot] and Smith Mountain Lake."

The deed conveying the Delore lot in 2002 did not contain the language regarding the easement quoted above, but the deed expressly conveyed the land "together with the buildings and improvements thereon and the privileges, appurtenances and easements thereunto belonging." Every other deed in the Delores' chain of title included either this language, or the original language establishing an easement that was contained in the Villamont deeds.

2

At the time they purchased their lot, the Delores also acquired a pre-existing dock structure that was erected in 1979 by one of the Delores' predecessors in interest. The Delores later secured permits from American Electric Power Company and the Bedford County Department of Planning to replace pre-existing riprap with a beach area along the shoreline of Smith Mountain Lake.

In January 2007, the Andersons filed a complaint against the Delores in the circuit court seeking an injunction requiring the Delores to remove from their property the dock and the beach area, including a sand box and associated riprap. The Andersons alleged that these structures encroached within the "extended lot lines" of the Anderson lot and interfered with the Andersons' use and enjoyment of their property.

The Andersons appended to their complaint a "resurvey" of the Anderson lot, which was prepared in 2006, that included depictions of "extended lot lines" that had not appeared previously on any document in the Anderson's chain of title. These additional lines were drawn by extending the existing property lines through the area between the 800-foot contour to the waters of Smith Mountain Lake. This "resurvey" also depicted the Delores' dock and beach area as lying within the "extended lot lines" of the Anderson lot.

After the parties filed cross-motions for summary judgment, the circuit court conducted a hearing. The Andersons argued that by virtue of their deed, they have an express easement that affords them

exclusive access to Smith Mountain Lake within the "extended lot lines" of the Anderson lot. The Andersons also argued that the placement of the Delores' dock violated certain present and prior provisions of the Bedford County Zoning Ordinance (the zoning ordinance).

In their motion for summary judgment, the Delores noted that the Andersons' deed did not define the easement by reference to "extensions of the lot lines." The Delores contended that the term "immediately" in the Andersons' deed plainly limited the Andersons' right of access to a path constituting "the shortest distance between the lot and the waters of Smith Mountain Lake." The Delores also denied that the placement of the disputed structures violated any present or prior provisions of the zoning ordinance.

Based on the parties' pleadings, the documentary evidence, and the argument of counsel, the circuit court held that the Delores "have not interfered with the [Andersons'] reasonable use and enjoyment of their easement to access Smith Mountain Lake." The circuit court dismissed the complaint, and the Andersons appealed from the circuit court's judgment.

The Andersons assert that their deed conveyed an exclusive right of access to Smith Mountain Lake below the 800-foot contour within the "extended lot lines" of the Anderson lot. The Andersons argue that the Delores' interpretation of the easement, which would allow only a right-of-way over the most direct path to the lake,

4

effectively would convert the land below the 800-foot contour into a public beach. The Andersons further argue that the placement of the Delores' dock and other structures lying within the Andersons' "extended lot lines" violated provisions of the present and prior zoning ordinances.

In response, the Delores assert that the Andersons failed to prove that they have an exclusive easement defined by "extended lot lines." The Delores contend that the Andersons are seeking to enlarge their property rights beyond the plain language of the easement solely in reliance on the 2006 plat. The Delores argue that this plat lacks legal efficacy, because it was created after the present dispute arose and does not appear in the Andersons' chain of title. The Delores further argue that even if the Andersons are correct in defining the easement's lateral dimensions by reference to "extended lot lines," the Andersons failed to establish that the Delores' dock and beach area have interfered with the Andersons' access to Smith Mountain Lake. The Delores also maintain that the record lacks any evidence that their dock and other structures were constructed in violation of the present or prior zoning ordinances.

In addressing these arguments, we are guided by the following general principles. An easement is a privilege held by one landowner to use and enjoy certain property of another in a particular manner and for a particular purpose. United States v. Blackman, 270 Va. 68, 76, 613 S.E.2d 442, 445 (2005); Stoney Creek Resort, Inc. v. Newman,

5

240 Va. 461, 464, 397 S.E.2d 878, 880 (1990); Bunn v. Offutt, 216 Va. 681, 684, 222 S.E.2d 522, 525 (1976).  We have described this privilege as encompassing an affirmative right to use and enjoy the encumbered property free from interference by the grantor of the easement or by other persons.  Bunn, 216 Va. at 684, 222 S.E.2d at 525.  Easements can be created by express grant or reservation, or by implication, estoppel, or prescription.  Nelson v. Davis, 262 Va. 230, 235, 546 S.E.2d 712, 715 (2001); Bunn, 216 Va. at 684, 222 S.E.2d at 525.

In resolving a dispute between landowners regarding the terms of an easement that is granted or reserved expressly by deed, we apply the customary rules governing the construction of written documents. Pyramid Development, L.L.C. v. D&J Associates, 262 Va. 750, 754, 553 S.E.2d 725, 728 (2001); Cushman Virginia Corp. v. Barnes, 204 Va. 245, 251, 129 S.E.2d 633, 639 (1963); Hamlin v. Pandapas, 197 Va. 659, 663-64, 90 S.E.2d 829, 833 (1956).  Thus, we ascertain the rights of the parties from the words set forth in their deeds. Pyramid Development, 262 Va. at 754, 553 S.E.2d at 728; Cushman, 204 Va. at 251, 129 S.E.2d at 639; Hamlin, 197 Va. at 663-64, 90 S.E.2d at 833.

A deed may expressly create an easement but fail to define specifically its dimensions.  See Waskey v. Lewis, 224 Va. 206, 211, 294 S.E.2d 879, 881 (1982); Cushman, 204 Va. at 252, 129 S.E.2d at 639.  When this situation occurs, and the deed language does not

6

state the object or purpose of the easement, the determination of the easement's scope "is made by reference to the intention of the parties to the grant," ascertained from the circumstances pertaining to the parties and the land at the time of the grant. Waskey, 224 Va. at 211, 294 S.E.2d at 881; accord Cushman, 204 Va. at 252, 129 S.E.2d at 639. However, if the granting language states the object or purpose of the easement, the dimensions of the easement may be inferred "to be such as are reasonably sufficient for the accomplishment of that object." Hamlin, 197 Va. at 664, 90 S.E.2d 834.

The issuance of an injunction to prevent encroachment within the boundaries of an easement is an equitable remedy, and the proponent of such remedy bears the burden of proving facts establishing the easement and the need for the relief sought. See Shenandoah Acres, Inc. v. D.M. Conner, Inc., 256 Va. 337, 342-33, 505 S.E.2d 369, 371-72 (1998); Rosso & Mastracco, Inc. v. Giant Food, 200 Va. 159, 161, 104 S.E.2d 776, 778-79 (1958); Harless v. Malcolm, 197 Va. 56, 57, 87 S.E.2d 817, 817-18 (1955). The decision whether to grant injunctive relief lies within the sound discretion of the circuit court, and an appellate court will not disturb the circuit court's judgment on appeal unless the judgment is plainly wrong. Nishanian v. Sirohi, 243 Va. 337, 340, 414 S.E.2d 604, 606 (1992); Blue Ridge Poultry & Egg Co., Inc. v. Clark, 211 Va. 139, 144, 176 S.E.2d 323, 327 (1970).

In the present case, the Andersons bore the burden of proving that their easement below the 800-foot contour included the land on which the Delores allegedly have encroached.  See Magee v. Omansky, 187 Va. 422, 431, 46 S.E.2d 443, 448 (1948).  Upon our review of the record, we conclude that the Andersons failed to satisfy their evidentiary burden.

The Anderson's deed conveyed an easement "over and across the strip of land lying immediately between the lot . . . and Smith Mountain Lake."  By its plain terms, this deed did not specify the lateral dimensions of the easement over the described "strip of land."  The only reference in the deed relevant to the location of the easement is found in the words "immediately between."  Moreover, the deed does not contain any reference to the term "extended lot lines."

In the absence of express language specifying the lateral dimensions of the easement or otherwise describing its scope, the Andersons were required to present evidence that the grantors of the Villamont deeds intended to convey an easement to the Andersons' predecessors in title over property from the 800-foot contour to the water's edge encompassing the disputed area on which the Delores' improvements lie.  The Andersons, however, did not present such evidence.  They failed to offer any testimony addressing this issue, and the only documents they presented were the deeds in the parties' respective chains of title, the permits and related documentation

8

concerning the Delores' structures at issue, and the 2006 plat prepared after the present dispute arose.

We observe that in certain instances involving subdivisions created by a common grantor, we have determined the grantor's intent by reference to a common scheme of development.  See Forster v. Hall, 265 Va. 293, 300, 576 S.E.2d 746, 749-50 (2003); Mid-State Equipment Co., Inc. v. Bell, 217 Va. 133, 141, 225 S.E.2d 877, 884 (1976).  We are unable to do so in this case, however, because the record lacks any evidence regarding other conveyances by Villamont to property owners in the Gross Point subdivision.  Therefore, we conclude that the record before us fails to support the Andersons' claim of encroachment based on their theory of "extended lot lines," and that the circuit court was not plainly wrong in refusing the Andersons' request for injunctive relief.

In reaching this conclusion, we do not decide the lateral dimensions of the particular easement before us.  We hold only that with regard to the present allegations of encroachment, the Andersons failed to meet their burden of proof.  Thus, our holding is limited to the particular encroachment alleged here by the Andersons and does not preclude a future request for injunctive relief involving structures other than the beach area, rip rap, and dock, as presently configured, which are the subject of this litigation.

Finally, we find no merit in the Andersons' request for injunctive relief based on the Delores' alleged zoning ordinance

9

violations. Those present and prior zoning ordinances do not create a private right of action but, like other such ordinances, authorize localities to adopt regulations limiting the use and development of property and to seek the imposition of penalties for violations of those regulations. See Code §§ 15.2-2280, 15.2-2286(A)(5); Shilling v. Jimenez, 268 Va. 202, 207-08, 597 S.E.2d 206, 209-10 (2004). Accordingly, we hold that the circuit court did not err in declining to grant the Andersons relief based on the zoning ordinance provisions.

For these reasons, we will affirm the circuit court's judgment.

Affirmed.

10