**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-2468

V. CASSEL ADAMSON, III,

Plaintiff - Appellant,

v.

COLUMBIA GAS TRANSMISSION, LLC,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.   (3:13-cv-00214-HEH)

Submitted:  June 25, 2014          Decided:  July 28, 2014

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

S. Sadiq Gill, Brittany J. Berlauk, John B. Warden, IV, DURRETTECRUMP PLC, Richmond, Virginia, for Appellant.  Travis A. Sabalewski, REED SMITH LLP, Richmond, Virginia; Michael S. Dingman, REED SMITH LLP, Falls Church, Virginia; Tillman J. Breckenridge, REED SMITH LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

V. Cassel Adamson III appeals the district court's orders granting summary judgment to Columbia Gas Transmission, LLC ("Columbia"), and entering a declaratory judgment that the easement on Adamson's property is sixty feet wide. On appeal, Adamson challenges the weight that the district court gave to a Virginia circuit court case interpreting the dimensions of the same easement on Adamson's neighbor's property, and he asserts that the district court did not properly consider his evidence, which, when viewed under the appropriate analysis, raised a genuine issue of material fact regarding the dimensions of the easement.[1] We affirm.

"We review de novo whether the district court erred in granting summary judgment, viewing the facts and drawing all reasonable inferences therefrom in the light most favorable to [the non-moving party]." PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as

---

[1] Adamson also argues that the easement, as interpreted by the district court, was indefinitely certain and violated the rule against perpetuities. We conclude that Adamson adequately presented his claims regarding the easement's certainty but did not argue the rule against perpetuities in the district court. Therefore, we will not consider Adamson's rule against perpetuities claim for the first time on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

2

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

Adamson first contends that the district court, sitting in diversity, failed to give the appropriate weight to an unpublished decision of a Virginia trial court when the Virginia Supreme Court refused the petition for appeal, concluding that there was no reversible error. A federal court sitting in diversity has an obligation to apply the law of the forum state as it is interpreted by the state's highest court. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Ellis v. La.-Pac. Corp., 699 F.3d 778, 782 (4th Cir. 2012) (holding that law of forum state applies in diversity cases). If the highest state court has not addressed the issue or the law is unclear, the federal court must "forecast a decision of the state's highest court" in light of "canons of construction, restatements of the law, treatises, recent pronouncements of general rules or policies by the state's highest court, well considered dicta, and the state's trial court decisions." Wells v. Liddy, 186 F.3d 505, 528 (4th Cir. 1999); see also Private Mortg. Inv.

3

Servs., Inc. v. Hotel & Club Assocs., 296 F.3d 308, 312 (4th Cir. 2002).

We agree with Adamson that the cases were more than similar. However, neither party claims that the district court was bound by the principles of res judicata or collateral estoppel, and the district court was not bound by the fact that the Virginia Supreme Court refused appeal from the circuit court's decision. While a refusal of an appeal is a decision on the merits of the case, a refusal has no precedential value where the reason for the refusal is not apparent on the four corners of the Virginia Supreme Court's order. Sheets v. Castle, 559 S.E.2d 616, 618-21 (Va. 2002). Merely because the Virginia Supreme Court found no reversible error does not mean that it embraced the interpretation of Virginia law that Adamson raised in the district court. See id. at 619. Moreover, there is ample Virginia law on the construction of easements that the district court could and did apply. Therefore, we conclude that the district court gave the appropriate weight to the circuit court's decision.

Next, Adamson challenges the district court's analysis, asserting that it did not give appropriate weight to the intent of the parties. When construing the terms of an express easement created by deed, Virginia courts "apply the

4

customary rules governing the construction of written documents":

> [Where] [a] deed . . . [e]xpressly create[s] an easement but fail[s] to define specifically its dimensions . . . and the deed language does not state the object or purpose of the easement, the determination of the easement's scope is made by reference to the intention of the parties to the grant, ascertained from the circumstances pertaining to the parties and the land at the time of the grant.

Anderson v. Delore, 683 S.E.2d 307, 310 (Va. 2009) (internal quotation marks omitted). "However, if the granting language states the object or purpose of the easement, the dimensions of the easement may be inferred to be such as are reasonably sufficient for the accomplishment of that object." Id. (internal quotation marks omitted); see also Hamlin v. Pandapas, 90 S.E.2d 829, 834 (Va. 1956).

Virginia does not require a strict hierarchy of proof but instead evaluates multiple sources of evidence to supply the dimensions of an easement when those dimensions are not specified in the deed, including evidence of the dimensions necessary to effectuate the easement's purpose. The district court considered evidence regarding Columbia's need in effectuating the purpose of the easement and Adamson's other evidence that the width of the clearing on the easement had historically been forty feet. We conclude that the district court did not err in granting summary judgment to Columbia where

5

Columbia's expert testified that sixty feet was required to effectuate the purpose of the easement and Adamson offered no rebuttal evidence, plat maps consistently depicted the easement as being sixty feet wide going back to the time that the original grantor conveyed the property, and Adamson had no evidence of the size of the clearing at the time the grantors held the property. Adamson's other evidence did not reach the heart of the matter and was not sufficient to raise a genuine issue of material fact. Therefore, the district court did not err in entering a declaratory judgment that the easement was fixed at sixty feet in width.[2]

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] We decline to consider Adamson's argument that the easement was insufficiently certain and susceptible to being expanded at Columbia's discretion because it is not necessary to resolve the case. The district court's declaratory judgment stated that the easement was sixty feet wide, and the evidence adduced in summary judgment proceedings was sufficient to find this fact.